HERMANN KENIGSBERGER V. DAVID R. WINGATE.

Where W. had agreed to deliver one hundred bales of cotton at a warehouse, for which F. & Co. promised to pay him 20 cents a pound, W. had no right to demand payment as the cotton was delivered, but it was his duty to deliver the whole at the warehouse of the third party, and not until then had he the right to demand payment.

Where a party is legally bound to perform a contract, which he refuses to perform for reasons which he had no right to exact, and a third person executes to him a note for no other consideration except to secure the performance of an obligation already binding, the note is without consideration and not recoverable.

ERROR from Jasper.   The case was tried before Hon. C. PAYNE, one of the district judges.

The facts are sufficiently given in the opinion of the court.

The arguments embraced questions of practice not noticed in the opinion.

*Lipscomb & Norvell*, for plaintiff in error.

*Ballinger, Jack & Mott*, for defendant in error.

MORRILL, C. J.—On the 16th October, 1865, D. R. Wingate and W. Wiess, as the agent of Fatman & Co., entered into a written contract, wherein and whereby the said Wingate agreed to deliver to said Fatman & Co. one hundred bales of cotton, at Wiess Bluff, in thirty days, for which the said Fatman & Co. agreed to pay twenty cents per pound,

$500 being paid to Wingate at the time the contract was made and signed.

On the 26th October Wingate hauled twenty-one bales of cotton to the place of delivery, when, finding that Fatman & Co. had not deposited with the warehouseman ˙or any one else the money to pay for said cotton, he then declared the contract forfeited.  On the 27th October the appellant, Kenigsberger, who was an agent of Fatman & Co., and Wingate had an interview, when Kenigsberger agreed that if Wingate would deliver the cotton agreeably to the contract he would pay him individually $300; the proposition was accepted by Wingate, and thereupon the following instrument was executed:

"$300.                    WEISS BLUFF, *October* 27, 1865.

"Due to Judge D. R. Wingate three hundred dollars, payable to S. Wiess, at Wiess Bluff, as soon as the cotton bought under contract by W. Wiess is delivered to the warehouse of said Wiess.    HERMANN KENIGSBERGER."

On the 15th November the cotton was all delivered, and, being weighed, was found to be forty thousand two hundred and twenty-eight pounds, of the value, at 20 cents per pound, of $8,045.60, which sum was paid and duly receipted for by Wingate, who acknowledged the same to be in full of all demands whatever.

On the 4th January, 1866, Wingate instituted suit on the above-described instrument for $300.   Defendant filed several answers, but we do not think it necessary, in the disposition of the cause, to notice but one, which is, in short, want of consideration.

The cause moving Kenigsberger to execute the note was the faithful execution by Wingate of the contract made ten days before, and which he had bound himself to execute, and had received $500 in advance as part payment of the same.   His excuse, that he would declare the contract forfeited or rescinded, because the money to pay for the same

was not then on deposit at the warehouse, formed no part of the original contract. His duty was to deliver the cotton at the place and time specified, and if it were then not received and paid for, he would have his action against Fatman & Co. He was not to receive payment till the cotton was delivered, and Fatman & Co. were not under any obligations to deposit the money for payment of the same, simply because they did not agree so to do.

Having received a part payment, he could not possibly be injured in fulfilling his contract, because the cotton could all be deposited at the warehouse as his property till the time appointed for the delivery of the whole, and it seems that he was not under any great apprehensions as to any danger in the due execution of the contract, when the promise of $300 was sufficient to cause him to comply with it.

The note, as given, is not a promissory note in the technical sense of the term; it is payable as soon as the cotton bought under contract by S. Weiss is delivered to the warehouse of S. Weiss.

The testimony as given, if added to the note, as we are bound to consider it, would make the note read, payable as soon as I have complied with the contract that I have made and am legally bound to perform, it being understood that the only consideration of this note is to cause me to do what I am already bound to do.

We consider it unnecessary to dwell on the subject. It is perfectly obvious that there was no legal consideration for the note. The original contract was complied with in all respects, and, because the judge erred in his charge to the jury, it is ordered that the judgment be reversed and the cause

DISMISSED.