DeLoach & Brother *v.* Smith & Anderson.

1. A contract to take 100,000 feet of lumber sawed according to specifications to be furnished, and to pay monthly for such quantities

as should have been delivered, was broken by refusal to pay on the day specified for such quantity as had been delivered, and to furnish further specifications; and whatever damages were sustained by such breach were recoverable.

2.  Demand for further specifications and delivery of the balance of the lumber which had been sawed, were not necessary to the maintenance of the action for damages for the breach.

3.  A charge not authorized by evidence should not be given.

4.  No fraud, accident or mistake in the signing of the contract being pleaded, testimony that a contract totally at variance with the one sued on was agreed to cotemporaneously with it, and was to be signed by the parties, and that the one sued on was intended to be only temporary and did not speak the whole of the agreement, was inadmissible.

November 11, 1889.

Contracts.  Damages.  Demand.  Actions.  Charge of court.  Evidence.  Pleadings.  Before Judge Hines. Bulloch superior court.  April term, 1889.

In connection with the third and fourth heads of the opinion, the following is added:

It was in the evidence that defendants had engaged to build bridges, etc. on a projected railroad, and desired plaintiffs to furnish them sawed lumber for this purpose; and plaintiffs required the contract sued on to be made.  One of the defendants testified that as soon as the railroad project failed, plaintiffs stopped sawing for them and delivered no more lumber; but it seems that this was after the first delivery and refusal to pay.  The court was requested to charge that if the plaintiffs, after the failure of the railroad company, acted on the presumption that the defendants had no use for any more lumber and could not furnish specifications by reason of the failure of the railroad company, and did not after that make any demand on defendants for specifications, believing that defendants had no use for lumber and that it was beyond their power to comply, then the plaintiffs could not recover.

The court rejected testimony of the defendants that there was another contract to be signed by both them

and plaintiffs, in which all the terms of the contract were to be more fully set out; that the contract sued on was intended to be only temporary, and did not speak the whole contract made at the time, especially in that it was understood at the time that the defendants were to be furnished with specifications of lumber by the railroad company, and that all lumber sawed by the plaintiffs was to be first inspected and accepted by that company before payment was made for it; and that at the time of making the contract sued on, it was agreed and understood that the payment of lumber at the time specified depended on the railroad company's making payment for it to defendants.

O. H. SHOCKLEY, LESTER & RAVENEL and WILLIAMS & BRANNEN, for plaintiffs in error.

T. H. POTTER, contra.

SIMMONS, Justice.

It appears from the record in this case that Smith & Anderson entered into a written contract with De-Loach & Brother, whereby they agreed to furnish to them 100,000 feet of sawed lumber, according to specifications which should be furnished to them by De-Loach & Brother. The lumber was to be delivered on Lott's Creek; and DeLoach & Brother agreed to pay $7.50 for each thousand feet of the same, except 30,000 feet for which they were to pay $9 per thousand; said sums to be paid on the 20th day of each month for such quantities of the lumber as should then be delivered to DeLoach & Brother. The record further shows that Smith & Anderson sawed 30,000 feet of lumber, according to the specifications furnished them, and delivered 13,000 feet at the place designated in the contract. Upon its delivery, and the time of payment having arrived, they demanded payment therefor according to the contract, which was refused. DeLoach

& Brother failed to furnish any other specifications for lumber, and Smith & Anderson did not saw any more lumber for them. Smith & Anderson then brought suit for a breach of the contract, and recovered a verdict. The defendants moved for a new trial, which was refused.

1. The 3d ground of the motion, which was relied upon here for reversal of the judgment of the court below, is, in substance, that the court erred in charging that if, after the plaintiffs had delivered 13,000 feet of lumber, the defendants refused to pay for the amount thus delivered, and failed to furnish any other specifications for lumber to be sawed, such non-performance by the defendants of their part of the contract was a breach thereof, and the plaintiffs could recover. We see no error in this charge. It seems to us to be a sound proposition of law. If the defendants made a contract with the plaintiffs, and agreed to take a hundred thousand feet of lumber and to give them specifications for sawing the same, and the plaintiffs furnished a part of it, and the defendants refused to pay therefor when it was due, and to furnish additional specifications, it was a breach of the contract, and the plaintiffs would be entitled to recover whatever damages they may have sustained by reason of such breach.

2. Nor, in our opinion, was it necessary, as contended by counsel for the plaintiffs in error, that the plaintiffs in the court below should have made a demand on the defendants for further specifications, or that they should have delivered the balance of the lumber which they had sawed for the defendants. When the defendants refused to pay for that which had been delivered according to their contract, that was a breach thereof, and it was unnecessary for the plaintiffs to tender the balance of the lumber or demand further specifications. *Branch, Sons & Co.* v. *Palmer*, 65 *Ga.* 210.

3. There was no error in refusing to give in charge the request set out in the 4th ground of the motion for a new trial. There was no evidence to authorize such a charge.

4. Nor was there any error in ruling out the parol testimony offered by the defendants, as complained of in the amended motion for a new trial. This was an effort to show by parol that a contract totally at variance in all its terms with the one sued on, was agreed on between the parties cotemporaneously, and the court did right to exclude it. Besides, there is no such issue presented by the pleadings, and the testimony was inadmissible under the plea of the general issue. If the defendants wished to reform or correct the writing which they did sign, their pleadings should have been framed to that end. They do not allege in either of their pleas any fraud, accident or mistake in the signing of the original contract.          *Judgment affirmed.*