CENTRAL GEORGIA BRICK CO. v. CAROLINA PORTLAND CEMENT CO.

ATKINSON, J.   1. A written contract for the sale of four hundred thousand hard brick, to be shipped from Macon, Georgia, to Charleston, S. C., at the price of $7.15 per thousand, F. O. B. cars at Charleston, the shipments to be made one car each day, beginning February 16th, unless prevented by causes beyond the control of the seller, such as strikes, railroad wrecks, and floods, is an entire contract, though the subject-matter is divisible. Under such a contract the seller is not entitled to demand payment upon delivery of each car-load of brick, but only upon delivery of the whole. *Erwin* v. *Harris*, 87 *Ga.* 333 (13 S. E. 513) ; *Henderson Elevator Company* v. *North Georgia Milling Co.*, 126 *Ga.* 279 (55 S. E. 50) ; Shinn *v.* Bodine, 60 Pa. 182 (100 Am. D. 560) ; Catlin *v.* Tobias, 26 N. Y. 217 (84 Am. D. 183) ; Mount *v.* Lyon, 49 N. Y. 532; Kenigberger *v.* Wingate, 31 Tex. 42 (98 Am. D. 512) ; McGeehee *v.* Hill, 1 Ala. 140.

(*a*) Accordingly, where the seller delivered one car-load of brick on February 15th, and by reason of floods failed to deliver any more until April, when on the 14th of that month it delivered one car, and on the 19th another, but refused thereafter to deliver any more unless the . purchaser would, before delivery, pay a draft for the value of each car attached to a bill of lading, it committed a breach of the contract, which gave the purchaser the right to recover as damages the difference between the contract price and the price which the purchaser was compelled to pay in the market at the place of delivery, in order to obtain brick of the same quality, it appearing that the purchaser bought the brick to be used in the erection of a certain building, that the seller knew the purpose for which the brick were to be used, and that the price paid was the market price at the place of delivery.

2. The instructions of the court to the jury, upon which error was assigned, were in substantial accord with the rulings above announced, and were adjusted to the evidence. Under the law and the evidence the defendant was entitled to recover damages by way of recoupment, and the amount of the verdict was authorized by the evidence.

  *Judgment affirmed.   Beck, J., absent.   The other Justices concur.*
                    AUGUST 18, 1911.

Attachment.   Before Judge Felton.   Bibb superior court.   June 6, 1910.

  *Hall & Fowler,* for plaintiff. · *Lane & Park,* for defendant.