8568. BLUMENTHAL & COMPANY *v.* SCHNEIDER & BROTHER.

JENKINS, J. The provision of the statute of frauds, that any contract for the purchase and sale of goods or merchandise to the amount of $50 or more shall not be binding unless the contract be in writing and signed by the purchaser, or some person lawfully authorized by him, does not, by the terms of the statute itself, have application where the buyer, after receiving the full shipment of merchandise in accordance with an unsigned contract of purchase, shall accept and actually retain, under the terms of such a contract, part of the goods so received. Thus, where a certain bill of goods consisting of 190 suits of the total value of $1,039.50 was sold by the plaintiff to the defendant, and the order made out by the plaintiff's salesman was not signed by any one, but was subsequently filled by the shipment of the entire purchase, of which shipment the defendant actually accepted and retained forty-nine of the suits under the terms of the contract as made, and subsequently returned the remainder, it was error, in an action brought for the recovery of the purchase-price of the order, for the trial judge to grant a nonsuit on the gound that the contract of sale, not being in writing, came within the provisions of the statute of frauds, and was therefore void. Civil Code (1910), § 3222 (7).

*Judgment reversed. Wade, C. J., and Luke, J., concur.*
DECIDED DECEMBER 14, 1917.

Complaint; from city court of Richmond county—Judge Black. January 15, 1917.

*Paul T. Chance, William H. Fleming,* for plaintiffs.
*C. H. & R. S. Cohen, Samuel H. Myers,* for defendants.