9981.   GEORGIA CREOSOTING COMPANY *v.* MCINTOSH LAND AND
TIMBER COMPANY.

JENKINS, J. 1. If a seller of goods fails to deliver them in the time
specified in the contract of sale, and the purchaser thereafter urges de-
livery, and as an inducement therefor impliedly offers to waive his
claim for damages on account of the delay in the performance of the
contract, subsequent compliance by the seller with his acceptance of
the terms of the proposal, within the time specified therein, or, if no
time is specified therein, then within a reasonable time, by tendering
the property called for by the contract, will furnish a valid consider-
ation for the proposal, and operate to render it binding upon the
purchaser. If only a portion of the property should be thus subse-
quently tendered by the seller as in part compliance with such pro-
posal, the purchaser's acceptance of the portion thus tendered would
operate to bind him under his waiver to the extent of the tender and
acceptance, even though the reasonable time covered by the extension
might have in fact expired; but the waiver of damages by such accept-
ance of the partial tender would be pro tanto only, and would not
operate as a waiver of the purchaser's claim for damages on the basis
of the original breach, as to the portion of the goods remaining un-
delivered. *Gude* v. *Bailey Co.*, 4 *Ga. App.* 226, 230 (61 S. E. 135).
2. If such partial tender and acceptance be made at a time such as the
jury might find was subsequent to the expiration of the reasonable
extension implied under the proposal as made by the purchaser, and
the purchaser, at the time of such partial tender and acceptance, makes
another and additional offer whereby he again and specifically proposes
to waive all damages incurred by the seller's delay, provided the re-
mainder of the contract should be fully completed by a date named in
the new proposal, the latter offer does not amount to an agreement
binding upon the purchaser unless the seller complies with the con-
dition thus imposed; and upon the seller's rejection of the new pro-
posal at a time when his reasonable period of extension under the
former proposal might be taken to have already expired, his liability
for damages, on the basis of the original breach, for his failure to
deliver the portion of the goods still outstanding under the order,
becomes absolute (*Hardwood Lumber Co.* v. *Adam*, 134 *Ga.* 821 (6), 68
S. E. 725, 32 L. R. A. (N. S.) 192; *Wiggin* v. *Marsh Lumber Co.*, 77
W. Va. 7, 87 S. E. 194); and the purchaser would have the right to
withhold any payments actually due the seller under the previous ship-
ments, to the extent of his damage thus sustained.
3. There is, however, in the record in this case nothing that would au-
thorize the seller to refuse to ship the remaining undelivered por-
tion of the goods contracted for, on the ground that the purchaser
had failed to make payment for any separate and previous shipment
upon its delivery; since the record discloses nothing to vary the general
rule that where a contract provides for the sale of a specified com-
modity, to be shipped to the purchaser at a named price, shipment
to be completed within a stated period, the agreement constitutes an
entire contract, although the subject-matter is divisible, and failure of
36

the purchaser to pay for any separate shipment upon its delivery and prior to the delivery of the entire amount would not, as a matter of law, operate as a breach of the contract on his part, there being nothing in the record to show any such previous course of dealings between the parties, or the existence of any such custom of trade as might raise the implication that an intention different from the one just indicated was in the minds of the parties at the time the contract was effected. *Central Georgia Brick Co.* v. *Carolina Portland Cement Co.*, 136 *Ga.* 693 (71 S. E. 1048).

4. Under the rules stated above the court erred in directing a verdict for the plaintiff on the theory that, as there had been a mutual disregard of the terms of the contract pertaining to the time of delivery up to the date of last shipment, the failure of the purchaser to pay for the last partial delivery when made amounted to a breach of the contract on its part, such as would prevent it from recovering damages from the plaintiff because of failure to comply with the terms of the contract relative to the portion of the goods not actually delivered or tendered.    *Judgment reversed.    Wade, C. J., and Luke, J., concur.*
DECIDED APRIL 16, 1919.

Complaint; from Glynn superior court—Judge Highsmith. June 1, 1918.

*Bennet, Twitty & Reese,* for plaintiff in error.

*A. D. Gale,* contra.