Judgment affirmed. <i>Jenkins</i> and <i>Luke, JJ., concur.</i>

---

### 10237.  NEELY et al. v. WILLARD BAG & MANUFACTUR-ING CO.

From the petition it appears that in June, 1914, the defendants entered into a written contract for the purchase of 15,000 fertilizer bags from the plaintiff at a stated price per thousand, "printing usual, delivery Jan./May next," to be shipped "in approximately equal quantities during the months named;" that in the next December and January the plaintiff notified the defendants that it was ready to begin shipments and requested specifications as to the printing desired and shipping instructions, so that shipments might begin, but the defendants failed to give such specifications and instructions, and on January 29, 1915, the plaintiff telegraphed to them: "Your failure to give specifications and shipping instructions on your contract for bags forces us to dispose of the raw material covering same in New York open market for your account unless you direct immediate sale we will sell gradually on favorable market for your account;" to which on the same day the defendants replied by letter saying, "under your contract we expected to give you shipping instructions as we needed the bags as we have always done, but inasmuch as you are forcing this issue on us we will cancel the order. So you may sell the bags for your account and not ours;" that the plaintiff notified them that it would not do this, but would be compelled to sell for their account, and thereafter, on March 4, 1915, sold the bags for the account of the defendants, receiving a stated price, less than the contract price; and the suit is for the difference, less freight. It is alleged that in the contract the terms "printing usual" meant that the printing on the bags should be of the usual type and character, but the defendants were to notify the plaintiff of the words and figures they desired printed. *Held:*

The petition states a cause of action, and is not subject to demurrer on the ground that the plaintiff breached the contract by selling before the end of the period in which the bags were to be delivered, or on the ground that in no event could the plaintiff recover more than the difference between the contract price and the sale price for the delivery of 3,000 bags for each of the months of January and February. Under the allegations of the petition it was incumbent on the defendants to give direction as to what they wished printed on the bags, and the failure to do this was a breach of the entire contract, and entitled the plaintiff, after due notice, to "sell the property, acting for this purpose as agent for the vendee, and recover the difference between the contract price and the price on resale" (Civil Code of 1910, § 4131). The allegations as to notice of intention to sell were sufficient.

DECIDED APRIL 17, 1919.

Action on contract; from Richmond superior court—Judge H. C. Hammond. November 9, 1918.

*Callaway & Howard,* for plaintiffs in error.

*Wright, Wright & Jackson,* contra.

LUKE, J. Willard Bag and Manufacturing Company sued Neely and Wilcox, doing business as South Atlantic Fertilizer Company, alleging that the defendants, on June 8, 1914, entered into a written contract with the plaintiff for the purchase of 15,000 fertilizer bags of specified size and weight, at the price of $89 per thousand, "printing usual, delivery Jan./May next," and that among other things the contract provided as follows: "It is understood and agreed that, unless otherwise specified, shipments will be made in approximately equal quantities during the months named." It was alleged that under this provision, it not being otherwise specified in the contract, it was the right of the plaintiff to ship the bags in lots of 3,000 during each of the months of January, February, March, April, and May, 1915; and that by the terms "printing usual" it was meant that the printing upon the bags should be of the usual type and character, but the defendants were to notify the plaintiff of the exact words and figures they desired to be printed upon the bags in the usual type and style. It was further alleged: In December, 1914, and January, 1915, the plaintiff duly notified the defendants that it was ready to begin shipment of their order, and requested specifications as to the printing desired, and shipping instructions, so that the shipment of bags might begin. The defendants, however, failed and refused to give such specifications and shipping instructions, and the plaintiff thereupon, on January 29, 1915, telegraphed the defendants as follows: "Your failure to give specifications and shipping instructions on your contract for bags forces us to dispose of the raw material covering same in New York open market for your account unless you direct immediate sale we will sell gradually on favorable market for your account." Thereupon the defendants notified the plaintiffs that they would cancel the order, and the plaintiff might sell the bags for its own account; such notification being contained in a letter to plaintiff from defendants, dated January 29, 1915, which, after acknowledging receipt of the above telegram, concludes as follows: "In reply beg to say that under your contract we expected to give you

shipping instructions as we needed the bags as we have always done, but inasmuch as you are forcing this issue on us we will cancel the order. So you may sell the bags for your account and not ours." The plaintiff notified the defendants that it would not do this, but would be compelled to sell for the account of the defendants; which it thereafter did, on March 4, 1915, receiving for the bags the price of $70 per thousand, resulting in a net loss to it from the contract price, after deducting freight, of $258.74 as shown by statement submitted to the defendants. It was alleged that the defendants thereupon became indebted to the plaintiff in the sum of $258.74, etc.

The contract, a copy of which was attached to the petition, was as follows: "Wilmington, N. C., June 8, 1914. Sold by Willard Bag and Manufacturing Company, Wilmington, N. C., to South Atlantic Fertilizer Company, Augusta, Georgia, the following: Number of Bags 15000; size 40 x 54; weight of cloth 10½ oz.; printing usual; delivery Jan./May next; freight paid; price $89.00 per m; terms net cash. Sellers not responsible for delays or losses occasioned by fires, strikes, wars, breakage of machinery, or any cause not sellers' fault. Any disagreements arising under this contract to be settled by arbitration in Wilmington, N. C. It is understood and agreed that, unless otherwise specified, shipments will be made in approximately equal quantities during the months named. Accepted: South Atlantic Fertilizer Co., by S. H. Wilcox. Accepted: Willard Bag and Manufacturing Co., by E. Payson Willard, Secretary and Treasurer."

.The defendants demurred upon the following grounds: (1) Because the petition does not set forth clearly and distinctly a cause of action. (2) Because it appears from the petition that the plaintiff breached the contract by selling the bags on March 4, 1915, prior to the end of the period within which they were to be delivered. (3) Because it appears from the petition and from the attached copy of the contract that even if the bags were to be delivered at the rate of 3,000 per month, the months of delivery stated in the contract were January, February, March, April, and May, 1915, and the plaintiff sold all the bags on March 4, 1915, and up to that date only two months of the period of delivery had expired, and the plaintiff by its own act rendered itself unable to make deliveries in March, April, and May, and therefore in

no event could the plaintiff recover, except for the difference between the contract price and the sale price, for the delivery of 3,000 bags for each of the months of January and February. The court overruled the demurrer to the petition and the defendants except to that ruling.

The plaintiff demurred to a part of paragraph 11 of the plea and answer, in which paragraph the defendants say: "For want of sufficient information, defendants are unable to admit or deny the allegations of paragraph 11 of plaintiff's petition, but further answering said paragraph these defendants say that plaintiff had no right, under said contract, to sell said bags on the 4th of March, 1915, as stated in said paragraph, for the reason that the time of delivery had not expired, and the action of plaintiff in selling said bags at said time and three months before the period of delivery under the contract had expired was a breach of the entire contract on the part of plaintiff, and rendered plaintiff unable to fill the contract, and by said action on the part of plaintiff these defendants were fully released and relieved from all liability and from any damages which plaintiff may have suffered by reason of selling said bags or failing to deliver or tender the same. In addition thereto, these defendants say that plaintiff's action in selling said bags three months before the full term of delivery had expired certainly relieved defendants from any damages for the portion of the bags which were to have been delivered according to plaintiff's contention, during the months of March, April and May." The demurrer was to "all that portion, following the first clause, which reads, 'For want of sufficient information defendants are unable to admit or deny the allegations of paragraph 11 of plaintiff's petition,' upon the ground that the allegations of said paragraph, following said quoted language, set forth no defense against plaintiff's cause of action." The court sustained this demurrer and struck this portion of the paragraph, and to this the defendants except.

The Civil Code (1910), § 4131, provides, among other remedies, where a purchaser refuses to take and pay for goods bought, that the seller "may sell the property, acting for this purpose as agent for the vendee, and recover the difference between the contract price and the price on resale." Did the defendants, in view of their contract with the plaintiff, so comport themselves as to render

applicable this provision of the code and authorize the plaintiff, on notice to them, to sell the bags without printing thereon, and recover the difference between the price the bags sold for and the price the defendants agreed to pay for the bags with the printing thereon? Were the defendants under a duty, by the terms of the contract, to give direction as to what they wished printed on the fertilizer bags? Did the defendants breach the contract? Was the contract entire or severable? If the contract was entire, the whole contract stands or falls together, and a failure to perform any of its terms is a breach of the whole. In *Henderson Elevator Co.* v. *North Georgia Milling Co.*, 126 *Ga.* 279 (55 S. E. 50), it was held: "Whether a contract be entire or severable depends on the intention of the contracting parties. A contract for the sale of 20,000 bushels No. 2 white corn, bulk, at 59½ cts. per bushel, 10,000 bushels to be shipped in February and 10,000 bushels in March, is to be construed as an entire contract." See also *Central Ga. Brick Co.* v. *Carolina Portland Cement Co.*, 136 *Ga.* 693 (71 S. E. 1048), and cit.; *Georgia Creosoting Co.* v. *McIntosh Land &c. Co.*, 23 *Ga. App.* 561 (99 S. E. 166). We think the present contract was an entire one. The defendants contend that to entitle the plaintiff to recover, the plaintiff should have each month tendered 3,000 bags to them without any printing thereon. In other words, the defendants contend that the plaintiff should have tried them out each month during the period of delivery, by tendering to them 3,000 bags with no printing, and see if they would take the bags tendered. We do not think so. The defendants further contend that the plaintiff should have waited until the last month of the period of delivery, despite their notice that so far as they were concerned the contract was cancelled, to see if the defendants would not give direction as to printing, or mayhaps accept the bags without printing. We cannot agree to this proposition. Under the allegations of the petition it cannot be said that the plaintiff could have put the printing on the bags without direction of the defendants. When was this direction to be given? A proper construction of the contract leads to but one answer. Certainly before the delivery, as provided by the contract, of the first shipment of the bags bought. The defendants can blame no one but themselves for a failure of the plaintiff to place the printing on the bags contemplated by the contract. They cannot gain anything by their conduct in this respect.

When the defendants failed and refused to give instructions as to printing, after being called upon in December, 1914, and January, 1915, so to do, what more notice under section 4131 of the Civil Code, supra, was required than it is alleged was given? This section of the code, as construed by the Supreme Court, requires that notice of an intention to sell at the vendee's risk shall be given by the vendor. As to such notice the allegations of the petition (which must be taken as true) are as follows: "In December, 1914, and January, 1915, plaintiff duly notified the defendants that it was ready to begin shipment of their order, and requested specifications and shipping instructions, and the plaintiff thereupon, on January 29, 1915, telegraphed the defendants as follows: 'Your failure to give specifications and shipping instructions on your contract for bags forces us to dispose of the raw material covering same in New York open market for your account unless you direct immediate sale we will sell gradually on favorable market for your account.' Thereupon the defendants notified the plaintiff that they would cancel the order, and that plaintiff might sell the bags for its own account; such notification being contained in a letter to plaintiff from defendants, dated January 29, 1915, which, after acknowledging receipt of the above telegram, which it quotes in full, concludes as follows: 'In reply beg to say that under your contract we expected to give you shipping instructions as we needed the bags as we have always done, but inasmuch as you are forcing this issue on us we will cancel the order. So you may sell the bags for your account and not ours.' The plaintiff notified the defendants that it would not do this, but would be compelled to sell for the account of defendants; which it thereafter did, on March 4, 1915, receiving for said bags the price of $70 per thousand, resulting in a net loss to it from the contract price with defendants, after deducting freight, of $258.74, as shown by statement submitted to defendants, as follows," etc. We think the notice given met the requirements of the statute. See *Davis Sulphur Ore Co.* v. *Atlanta Guano Co.*, 109 *Ga.* 607 (34 S. E. 1011).

The defendants say that despite such notice and alleged breach, the plaintiff might have sued, on January 29, for damages, by making a case which entitled it to damages and setting up sufficient facts to show what damages it had sustained up to that time. To sustain this position the defendants cite *American Manufac-*

*turing Co.* v. *Champion Manufacturing Co.,* 13 *Ga. App.* 551 (79 S. E. 485); *Southern Flour & Grain Co.* v. *St. Louis Grain Co.,* 11 *Ga. App.* 401 (75 S. E. 439); *Ford* v. *Lawson,* 133 *Ga.* 238 (5) (65 S. E. 444); *Smith* v. *Ga. Loan & Trust Co.,* 113 *Ga.* 975 (39 S. E. 410). The plaintiff contends that the principle involved in the maxim that the law will allow no one to take advantage of his own wrong is more binding than the requirement that the completion of the contract be alleged. We agree with the defendants that it is generally essential to allege and to prove that the contract has been complied with and fully performed; but if it is alleged and proved that a failure to complete and fully perform the contract was due to the fault of the defendants, how useless it would be to require the plaintiff to hold the bags until the last day, awaiting the instruction from the defendants as to the printing. The petition alleges, that "by the terms 'printing usual,' contained in said contract, was meant that the printing upon said bags should be of the usual type and character, but the defendants were to notify the plaintiff the exact words and figures they desired to be printed upon said bags in such usual type and style." We think that the refusal of the defendants, upon repeated requests so to do, to give printing directions was a breach of the entire contract. See 35 Cyc. 11 (c); *Hinckley* v. *Pittsburg Bessemer Steel Co.,* 121 U. S. 264 (7 Sup. Ct. 875, 30 L. ed. 967); *Byck* v. *Weller Co.,* 3 *Ga. App.* 387 (59 S. E. 1126), and cases there cited upon the question of performance of contract; *Stimpson Scale Co.* v. *Taylor,* 4 *Ga. App.* 567 (4) (61 S. E. 1131); *DeLoach* v. *Smith,* 83 *Ga.* 665 (10 S. E. 436); 3 Am. & Eng. Enc. of Law, 903, 904.

The trial judge did not err in overruling the general demurrer to the petition, nor in thereafter sustaining the demurrer to that portion of paragraph 11 of the answer which was attacked by the demurrer.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*