## 11255.  SEABROOK COAL COMPANY *v.* MOORE.

JENKINS, P. J. 1. "In a purchaser's suit for damages because of the failure of the seller to deliver the goods in accordance with the terms of the contract of sale, generally the measure of damages is the difference between the contract price and the market price at the time and place of delivery." *Truitt* v. *Rust & Shelburne Sales Co.,* 25 *Ga. App.* 62 (102 S. E. 645), and cit.

2. A contract of which the obligations are mutually binding upon the parties thereto is not rendered unilateral merely because matters concerning the details of performance are left to the option of one of the contractors. Where no time for the performance of a contract is specified, the law will presume that a reasonable time was contemplated; and where by the terms of a contract of purchase and sale the commodity was to be shipped "as ordered," it was incumbent upon the purchaser to direct shipment within a reasonable time. 13 Corpus Juris, 270, 271; *Maddox* v. *Wagner,* 111 *Ga.* 146, 148 (36 S. E. 609). Applying these principles of law, the petition was not subject to general demurrer.

3. Although the plaintiff amended his petition by alleging that, under

the terms of the contract, it was understood and agreed that the coal was to be ordered out for use during the winter season, the exclusion of the testimony offered by the defendant for the purpose of showing the meaning of "winter season" in the coal business was necessarily harmless, since the ordering out of the coal testified to and relied upon by plaintiff was within the period covered by the rejected testimony.

4. "An absolute refusal by one party to perform an executory contract containing mutual obligations, prior to the date or dates fixed for performance, if such repudiation goes to the whole contract, amounts to a tender of a breach of the contract; and if accepted as such by the opposite party to the contract, it constitutes an anticipatory breach, and the injured party may at his election at once sue and recover his entire damages. The opposite party is not required to accept a tender of a breach of the contract, but he may elect to keep the contract in force for the purpose for which it was made, and in such case his own obligation, as well as that of the other party, will continue until the time for performance, as fixed by the contract." *Phosphate Mining Co.* v. *Atlanta Oil & Fertilizer Co.*, 20 *Ga. App.* 660 (1) (93 S. E. 532). The plaintiff does not, under the pleadings as amended without objection, rely upon the alleged anticipatory breach in October, as set forth by the stricken allegations of the original petition; but, under his amended pleading, relies upon the subsequent November breach of the contract. The evidence sustains the verdict upon the plaintiff's amended contention to the effect that the coal was ordered out early in November, and that the defendant at that time failed and refused to comply with his contract; it also sustains the verdict by furnishing sufficient data by which the damages could be arrived at.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED AUGUST 13, 1920.

Action on contract; from Fulton superior court — Judge Pendleton. November 4, 1919.

On August 8, 1916, Moore gave a written order to the Seabrook Coal Company for 20 cars of coal, at $1.35 per ton, one car to be shipped immediately, and the others "as ordered." The company shipped three cars instead of one. Moore complained of this, and also as to the quality of the coal, but sent a check to cover the price of the three cars. On the 21st of the next month the company notified Moore that they had cancelled the contract; saying "this order was for prompt delivery, and we can not hold same open any longer." Moore then stopped payment of the check that he had given for the three cars, but later it was agreed that he should pay the check and that the company should carry out the original contract. The check was not paid when presented the second time, but was paid on a third presentation. In letters of Moore's attorneys, dated Novem-

ber 2 and November 8, 1916, demand was made on the coal company for shipment of the remaining 17 cars of coal, under the contract, but the demand was not complied with.    Moore, alleging that he was forced to go into the open market and buy coal at an advanced price, sued the coal company for the difference in price, alleged to be $765.    A general demurrer to the plaintiff's petition as amended was sustained: the trial of the case resulted in a verdict for $765 against the coal company, and its motion for a new trial was overruled after the plaintiff had written off $135 from the verdict.    The defendant excepted to the rulings stated.

*Little, Powell, Smith & Goldstein,* for plaintiff in error.

*Edgar Watkins, Frank Harwell, W. I. Hobbs,* contra.