11273.  SMITH *v.* HARRISON *et al.*

STEPHENS, J.  1. In a bilateral contract of sale an obligation by the seller to deliver to the buyer by a certain date a gross quantity of a certain commodity for a certain estimated price, as "1000 gross of round quart bottles . . at the rate of $1.80 per gross," but which must be delivered in certain stipulated quantities periodically at certain designated periods, is entire, and a failure by him to make any one of the deliveries at the time agreed upon amounts to a breach of the entire obligation and gives to the buyer the right to elect and bring suit before maturity for such damages as he may have sustained by reason of such breach.  Civil Code (1910), §§ 4121, 4223, 4228, 4389, 3588; *Henderson Elevator Co.* v. *North Georgia Milling Co.*, 126 Ga. 279 (55 S. E. 50) ; *Central Georgia Brick Co.* v. *Carolina Portland Cement Co.*, 136 Ga. 693 (71 S. E. 1048), *Phosphate Mining Co.* v. *Atlanta Oil & Fertilizer Co.*, 20 Ga. App. 660 (93 S. E. 532) ; 3 Williston on Contracts, §§ 1298, 1336.

2. In such an action the buyer may recover such damages as he would have sustained by a non-performance by the seller of his obligations upon their maturity, viz. the difference in the contract price and the market value at the time and place of delivery, subject to abatement by any circumstances of which the buyer ought reasonably to have availed himself or did avail himself to mitigate his loss.  Roehm *v.* Horst, 178 U. S. 1 (44 L. ed. 953, 20 Sup. Ct. 780) ; 3 Williston on Contracts, § 1297.  It is no defense to the seller and no ground for abatement in the buyer's damages that the latter contracted for the bottles for a purpose not mentioned in the contract, and that he had no use for them, or that he failed to go into the market and buy.

3. Where the seller defaulted in making a periodic delivery under the contract, a demand by the buyer that the seller perform this obligation does not amount to a waiver by the buyer of his right to sue for the entire breach upon the seller's refusing to comply with such demand.

4. Assuming that the seller could justify his refusal to make further deliveries under the terms of the contract, upon the ground that the buyer had failed to make payment for any past delivery, yet, since the parties to a contract may in the course of its execution depart from its terms and pay or receive money under such departure without any right in the other party to treat such departure as a violation of the contract, in the absence of reasonable notice of his intention to do so given by the other party (Civil Code of 1910, § 4227), the seller cannot, after having acquiesced in such departure and having failed to give such notice to the buyer, justify his refusal to comply with his obligation to deliver

under the terms of the contract, upon the ground that the buyer has failed to make payment for a past delivery.

5. "A tender of specific articles must be such as to enable the party to whom tendered to take immediate possession, and at the time and place agreed upon in the contract. If no place is agreed upon, they must be carried to the person entitled to them, if residing within this State, unless, from the nature of the articles, or the contract, another place of delivery be inferred." Civil Code (1910), § 4323. The contract in the instant case provides that the articles are to be delivered at such place as the buyer may direct; and there being nothing in their nature or in the contract from which another place of delivery could be inferred, in the absence of any direction by the buyer as to the place of delivery, to constitute a valid tender the articles should have been carried to the buyer in person. It not appearing that the buyer resided without the State, the carrying of the articles to his place of business, in his absence and without his knowledge, did not constitute a valid tender under the contract.

6. The trial judge did not err for any reason set out in the motion for a new trial, and the verdict for the plaintiff was supported by the evidence.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 24, 1921.

Action on contract; from Fulton superior court — Judge Pendleton. December 15, 1919.

*Walter A. Sims,* for plaintiff in error.

*Etheridge, Sams & Etheridge,* contra.