12401. SOUTHERN UPHOLSTERING COMPANY *v.* LIEBERMAN.

JENKINS, P. J. 1. The two contracts for the purchase and sale of merchandise, set forth in the separate counts of the petition, although each exceeded $50 in amount, did not fall within the statute of frauds, because, under the allegations, the buyer had accepted and paid for a part of the goods sold under such oral entire contracts, so as to bring the agreements within the excepting clause in subdivision 7 of section 3222 of the Civil Code (1910). *Blumenthal* v. *Schneider*, 21 *Ga. App.* 435 (94 S. E. 640).

2. The alleged contracts being entire, although providing for monthly deliveries of specified quantities, the repudiation of such contracts by the buyer, after partial delivery of the merchandise but before full delivery, authorized the seller to bring his suit for damages an account of the

breach.  The alleged measure of damages was proper, viz., the difference between the contract price and the market price at the time and place for delivery. *Robson* v. *Hale*, 139 *Ga.* 753 (78 S. E. 177); *Seabrook Coal Co.* v. *Moore*, 25 *Ga. App.* 613, 614 (103 S. E. 839); *Smith* v. *Harrison*, 26 *Ga. App.* 325 (106 S. E. 191); *Phosphate Mining Co.* v. *Atlanta Oil &c. Co.*, 20 *Ga. App.* 660 (93 S. E. 532).

3. The buyer, under the allegations, having repudiated its contracts and refusing to be bound thereby, it was not incumbent upon the seller to make a tender of the merchandise.

4. If a contract amounts merely to an executory agreement to sell, the parties may be bound although the subject-matter has no actual existence, provided the agreement is not merely speculative, but contemplates an actual future delivery of the thing bargained for. *Forsyth Mfg. Co.* v. *Castlen*, 112 *Ga.* 199, 202 (37 S. E. 485, 81 Am. St. R. 28); *Jones* v. *Fuller*, 27 *Ga. App.* 84 (107 S. E. 545, 546).

5. The petition having set up the correct measure of damages under the facts alleged, it was unnecessary for the plaintiff, by his petition, to allege that he had undertaken to abate, mitigate, or lessen such damage.

6. The contracts alleged were not unilateral, in that they left to the purchaser the option of directing when and where the monthly installments of merchandise were to be delivered, the contracts further definitely providing for a specified quantity to be so ordered in each month. *Seabrook Coal Co.* v. *Moore*, supra.

7. The amendment to the petition, which appears to have been allowed without objection of the defendant, cured such of the grounds of demurrer as might otherwise have been sustained.

> *Judgment affirmed. Stephens and Hill, JJ., concur.*
> DECIDED NOVEMBER 18, 1921.

Action on contract; from city court of Atlanta — Judge Reid. March 9, 1921.

*Walter W. Visanska,* for plaintiff in error.

*Rosser, Slaton, Phillips & Hopkins,* contra.