## 14764. WHITE & HAMILTON LUMBER CO. v. LYNCH.

STEPHENS, J. 1. A contract for the sale of lumber, which provides that the seller is to sell to the purchaser all the lumber which the seller saws on certain described premises at $20 per thousand feet, the seller guaranteeing to cut not less than 75,000 feet per month for a period of 18 months, to be sawed into certain agreed dimensions and afterwards stacked in a specified manner, and which provides that the purchaser is to buy from the seller all the lumber cut as aforesaid, the purchaser agreeing to inspect the lumber so sawed, every two weeks, and to accept and pay therefor at the time, according to the contract price, is an entire contract for the sawing and delivery by the seller to the purchaser of the lumber contracted for.

2. Where in such a case the purchaser breached the contract by refusing to accept delivery of any lumber cut, sawed, stacked, and tendered in accordance with the terms of the contract, the breach amounted to a breach of the entire contract and relieved the seller from further performance. *DeLoach* v. *Smith,* 83 *Ga.* 665 (10 S. E. 436); *Southern Upholstering Co.* v. *Lieberman,* 27 *Ga. App.* 703 (109 S. E. 509).

3. The seller's measure of damage resulting from the purchaser's breach is, as to the lumber cut and tendered under the terms of the contract, the difference between the contract price and the market price at the time and place of delivery (*Matthews* v. *American Textile Co.,* 23 *Ga. App.* 675, 99 S. E. 308; *Southern Upholstering Co.* v. *Lieberman,* supra, and cases there cited), and as to the remainder of the lumber which the seller, after the purchaser's breach, failed to cut and tender, the seller's measure of damage is the difference between the contract price and what it would

have cost him to perform his obligations under the contract, including whatever it would have cost him to purchase the timber. See, in this connection, Roehm v. Horst, 178 U. S. 1, 20 (20 Sup. Ct. 780, 144 L. ed. 953) ; Hinckley v. Pittsburg etc. Co., 121 U. S. 264, 274 (7 Sup. Ct. 875, 30 L. ed. 967) ; U. S. v Behan, 110 U. S. 338 (4 Sup. Ct. 81, 28 L. ed. 168) ; Delker Co. v. Hess Co., 138 Fed. 647, 652 (71 C. C. A. 97) ; Kingman v. Western Mfg. Co., 92 Fed. 486 (34 C. C. A. 489) ; Sizer v. Melton, 129 Ga. 143, 152 (58 S. E. 1055).

4. In a suit by the seller against the purchaser to recover damages for such an alleged breach of contract by the seller, a charge to the jury that as to the lumber actually cut and sawed under the terms of the contract the plaintiff's measure of damages was the difference between the contract price and "the amount he was compelled to sell it at" was error harmful to the defendant, and a verdict finding for the plaintiff in an amount which includes damages for the lumber actually cut must be set aside.

5. Assuming that the plaintiff committed the first breach of the contract by failing to stack, in accordance with the terms of the contract, 20,000 feet of lumber actually cut from the premises, and therefore exonerated the defendant in thereafter refusing to perform, the verdict found for the plaintiff cannot upon this ground be set aside as being contrary to law and without evidence to support it, since such alleged breach of the contract by the plaintiff was not pleaded by the defendant as a defense.

6. The evidence authorized the inference that the seller, in tendering to the purchaser the installment of lumber actually sawed and stacked, had, in so doing, fully complied with all the terms and obligations of the contract. It follows, therefore, that the defendant's refusal to accept amounted to a breach of the entire contract.

7. The testimony of the plaintiff as to the value of the timber per thousand feet on the stump, and as to the expense per thousand feet incurred by him in sawing the timber into lumber, furnished sufficient data as to the expense necessary to comply with his obligations under the contract, had he performed by cutting and sawing the balance of the timber contracted for.

8. A contract under seal may be modified by a subsequent agreement in parol; and the authority of the agent of one of the contracting parties making the modification is not required to be under seal. The agent of the purchaser, therefore, although his authority as agent was not under seal, could nevertheless waive any failure on the part of the seller in tendering the lumber to comply with any of the stipulations of the contract.

9. Judgment is reversed, with direction that it shall stand affirmed if the plaintiff in the court below will, before or at the time the judgment of this court is made the judgment of the court below, write off the verdict an amount equivalent to $5 per thousand feet upon 38,892 feet of lumber actually sawed and stacked; which will cure the error indicated in paragraph 4 of the syllabus.

*Judgment reversed, with direction. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 27, 1924.

Breach of contract, from Taliaferro superior court—Judge Shurley.　May 28, 1923.

Certiorari was granted by the Supreme Court.

*Hawes Cloud, Alvin G. Golucke,* for plaintiff in error.

*I. S. Peebles, J. A. Mitchell,* contra.