15380.   HOLSTON BOX & LUMBER COMPANY *v.* VONBERG & BATES.

JENKINS, P. J. 1. Under the answer of the Supreme Court to the question certified to it by this court as to whether a bill of exceptions, such as here brought, would be valid, where it merely assigned error on the judgment overruling a motion for a new jury trial on exceptions of fact to an auditor's report, but did not assign error on the final judgment making such report the judgment of the court, the motion to dismiss the writ of error is denied. 160 *Ga.* 813 (129 S. E. 92).

2. In order for the pendency of a former suit for the same cause of action and involving the same parties to be good cause of abatement, the first action must not be "so defective that no recovery can be possibly had" therein. Civil Code (1910), § 5678. An attachment proceeding instituted by affidavit in the name of an individual will not support a declaration brought in the name of a partnership; and such an affidavit is not amendable by substituting the name of the partnership for the individual. *Blackwell* v. *Pennington,* 66 *Ga.* 240; *Thompson* v. *McDonald,* 84 *Ga.* 55 (2) (10 S. E. 448) ; *Busby* v. *Elliott,* 22 *Ga.*

*App.* 391 (95 S. E. 1014); *Tolar* v. *Funderburke*, 21 *Ga. App.* 436 (94 S. E. 592); *Massoud* v. *Lamar, Taylor & Riley Drug Co.*, 18 *Ga. App.* 398 (89 S. E. 442). Since in the former proceeding, as here pleaded, the attachment affidavit was made by an individual in his own name, claiming both the legal and the beneficial interest as plaintiff in the suit, while the declaration was brought in the name of a partnership for his use, under the above rulings, as the record appears, the partnership had no legal right of recovery on the declaration as filed, and therefore the trial judge did not err in striking the plea of abatement based upon the pendency of the former suit.

3. The general rule, as expressed in *Dolan* v. *Lifsey*, 19 *Ga. App.* 518 (5) (91 S. E. 913), that "where the plaintiff bases his right to recover upon an express contract, which is entire and indivisible, he can not recover unless he has performed all his obligations under the contract," does not require such performance, or a tender of performance of remaining executory obligations, by a plaintiff vendor, where the vendee, after partial delivery of the merchandise contracted for, has repudiated or refused to be bound by the terms of the contract. *Southern Upholstering Co.* v. *Lieberman*, 27 *Ga. App.* 703 (2, 3) (109 S. E. 509). Such a breach amounts to a breach of the entire contract, relieves the vendor from further performance, and authorizes his action for the breach. *White & Hamilton Lumber Co.* v. *Lynch*, 31 *Ga. App.* 697 (121 S. E. 874). In such a partially performed contract for the cutting and delivery of lumber f. o. b. cars at a designated place, the plaintiff vendor is entitled to recover the value as fixed by the contract price for such lumber as has been actually delivered and accepted by the vendee. 24 R. C. L. 117 (§ 386). If the undelivered lumber, at the time of the anticipatory breach of the contract, has not been cut and manufactured ready for tender at such time, in an action for recovery of damages therefor the measure is the difference between the contract price and the cost of production,—that is, the actual profit which the vendor by the terms of his contract would have made had the sale been consummated. But if the lumber has been cut and tendered, or the processes of manufacture are completed so that the goods are on hand ready for delivery at the time of such breach, the measure of damages is "the difference between the contract price and the market price at the time and place of delivery." *White & Hamilton Lumber Co.* v. *Lynch*, 159 *Ga.* 283, 284 (125 S. E. 472, 473). "If the cost of delivery at the place fixed therefor is saved to the seller, deduction therefor should be made." 24 R. C. L. 116 (§ 386). In such a case, where lumber is to be delivered f. o. b. cars at a designated place at a stated price, the expense of making the agreed delivery is an element in the contract price.

(*a*) In the instant action by the vendors for damages upon a contract for the sale of lumber to be cut and delivered, such as described above, some of which had been delivered and accepted by the vendee prior to its breach, that the original petition erroneously laid the measure of damages for unaccepted lumber as the entire contract price thereof, the same as laid for lumber actually accepted, was not ground for sustaining a demurrer to the amended petition, or for setting aside a

judgment for the plaintiff vendors, where the plaintiffs, by direction of the court, amended their petition so as to lay the proper measure, where the auditor, after awarding damages based upon the erroneous rule, reheard the case and corrected his findings to conform to the proper measure as laid in the amended petition, and where, on the trial before a jury on exceptions of fact, the jury, under evidence authorizing a recovery based on the correct measure, found in favor of the auditor's revised report.

(b) The judge of the superior court did not err, on his own motion, after the filing of the auditor's first report and exceptions thereto, complaining that the report was based on an erroneous measure of damages, in recommitting the cause to the auditor solely for the purpose of readjusting his findings according to the correct measure, even though no formal motion to recommit had been made by either of the parties. See Civil Code (1910), §§ 5139, 5128; *Trentham* v. *Bluthenthal*, 118 *Ga.* 530 (1) (45 S. E. 421), where the right, but not the duty, of the trial judge in his discretion to recommit or refuse to recommit seems to be recognized.

(c) The order of the judge recommitting the cause to the auditor directed that he "sustain the demurrers, unless the plaintiff amends by seeking recovery at the contract price for such lumber as he may itemize as having been delivered to the defendant f. o. b. cars, and by setting out and adopting as his measure of damages the difference between the contract price and the value of such lumber as plaintiff contends was not delivered because of the refusal of the defendants to accept it," and that he "revise his findings . . so as to conform to this ruling upon the law of the case and to the facts adjusted to the pleadings as amended." The only exceptions of the defendant vendee, taken and preserved to this portion of the order, are, (1) that the recommittal was without authority of law, and (2) that the allowance of the amendment added a new cause of action distinct from that laid in the original petition. There was no ground of exception to this order, which in terms ruled as to "the law of the case," that the measure of damages was in itself erroneous; but, on the other hand, it was contended, as grounds of demurrer to the original petition and of exception to the auditor's first report, that "plaintiffs mistook their remedy; if there was a breach of contract, plaintiffs' remedy" was either a suit "for the difference between the contract price and the market price at the time and place of delivery," or a suit based upon a choice of one of the other two remedies provided by section 4131 of the Civil Code, and that plaintiffs were not entitled to recover, as sought, the full purchase price on all of the lumber, delivered and undelivered, as originally sued for. The amendment to the petition thus set up one of the measures of damages contended for by the defendant, under the order of the judge ruling as to the law of the case. Nor did such a change in the measure of damages add a new and distinct cause of action. *St. John* v. *Leyden*, 111 *Ga.* 152 (36 S. E. 610) ; *Rowland Co.* v. *Kell Co.*, 27 *Ga. App.* 107 (107 S. E. 602).

(d) The court and the auditor did not err in overruling the grounds of renewed demurrer to the petition as amended.

4. In the trial on the exceptions of fact to the auditor's revised report, the judge fully and fairly charged the contentions of the parties and the

law of the case substantially in accord with the foregoing ruling. Such of the requests to charge as were pertinent and correct were sufficiently covered by the general instructions, or where given but qualified, the qualifications were proper or not harmful to the defendant under the rulings here made and the law of the case as fixed by the court.

5. The grounds of the motion for new trial and exceptions pendente lite which are not treated or covered by the foregoing rulings are without merit and require no elaboration.

6. The verdict finding in favor of the auditor's revised report and against the defendant's exceptions of fact was authorized, except that in the auditor's original report a finding was made in favor of the defendant, charging against the plaintiff vendors certain items of expense saved to them in not hauling and delivering the lumber f. o. b. cars at the place designated by the contract, amounting to a total of $279.26. This allowance, supported by evidence, was proper under the ruling made in the 3d division of this syllabus, no exception was taken thereto, and the trial judge in effect charged the jury that such items of expense would be proper allowances. The auditor's amended report failing to credit such items, exceptions being taken thereto, and the verdict and final judgment, making the auditor's revised report the judgment of the court, also omitting to credit these amounts in favor of the defendant, the verdict and judgment to this extent are contrary to law and the evidence. If the plaintiffs in the court below shall, when the remittitur of this court is made the judgment of the lower court, strike from the amount of the judgment this sum, the judgment under review is affirmed; otherwise it is reversed.

*Judgment affirmed, on condition. Stephens and Bell, JJ., concur.*

Decided September 9, 1925.

Attachment; from Murray superior court — Judge Tarver. December 29, 1923.

*R. Noel Steed, William E. & W. Gordon Mann,* for plaintiff in error.

*C. N. King, W. C. Martin, Maddox, McCamy & McFarland,* contra.