LEATHERS *vs.* FURR.

1. Where it appears that a private way claimed to exist by prescription, which it is sought to open, was not permanent, but was obstructed and changed by petitioner himself, the county commissioners erred in ordering it opened.
2. *Certiorari* to the superior court will lie to correct such error.

Roads and bridges. *Certiorari.* Courts. County matters. Before Judge BUCHANAN. Douglas Superior Court: July Adjourned Term, 1878.

Leathers filed a petition before the county commissioners to cause Furr to remove obstructions from a private way claimed by petitioner. The prayer was granted. Furr carried the case to the superior court by *certiorari.* Leathers moved to dismiss on the ground that *certiorari* would not lie directly from the decision of the county commissioners, but a bill of exceptions should have been filed; the motion was overruled. The *certiorari* was sustained, and Leathers excepted.

EDGE & RICHARDS; L. H. FEATHERSTON; W. F. WRIGHT, for plaintiff in error, cited Code, §§2235, 5012, 4050-4052, 730-738.

J. S. JAMES; R. A. MASSEY, for defendant, cited as follows: On *certiorari*, §§739, 4052. On private ways, Code, §§720-727, 2235, 5012; 41 *Ga.*, 30; 61 *Ib.*, 28.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* from the decision of the board of commissioners of roads and revenues of Douglas county, ordering an alleged private way to be opened on the application of Peter Leathers. On the hearing of the *certiorari*, the court reversed and set aside the judgment of the commissioners. Whereupon Leathers excepted.

1. Assuming that Peter Leathers was entitled to have a private way to his mill over Furr's land, for the benefit of the mill (as to which we express no opinion), still, the evidence in the record does not show that the private way which he claims, has been in constant and uninterrupted use for seven years or more, so as to give to him a prescriptive right to it, as provided by the 737th and 738th sections of the Code,

but on the contrary, it appears from his own evidence, that he built a cow-pen across the road, and it was turned up by Gann's house. In *Short et al. vs. Walton et al.*, 61 *Ga.*, 28, it was held, that to acquire a prescriptive right-of-way over the unenclosed land of another, it should have been shown that those claiming it had been in the constant and uninterrupted use of a permanent road over the land, not exceeding fifteen feet in width, and had kept it open and in repair for seven years.

2. There was no error in overruling the motion to dismiss the *certiorari*. The board of commissioners of roads and revenues of Douglas county is such an "inferior judicatory" as is contemplated by the 4052d section of the Code, and a *certiorari* may be obtained to correct the decisions thereof by petition, without first filing a bill of exceptions to the decision of that local tribunal.

Let the judgment of the court below be affirmed.