## CASTLEBERRY *vs.* THE STATE OF GEORGIA.

| 68 | 49 |
| 108 | 633 |
| 108 | 661 |

1. There is no provision of law for the appointment of a member of the bar as judge *pro hac vice* in a criminal case.
2. Want of jurisdiction in a judge will not work a dismissal of the writ of error, but a reversal of the judgment.

Jurisdiction. Judge. Criminal Law. Practice in Su

preme Court.   Before H. P. Bell, Esq., Judge *pro hac vice.*
Lumpkin Superior Court.    April Term, 1881.

Castleberry was indicted for cutting down a mining
ditch.   Judge Brown, of the Blue Ridge circuit, being dis-
qualified, H. P. Bell, Esq., by consent of both sides, and
under approval of the court, presided as judge *pro hac
vice.*   The defendant was convicted, moved for a new
trial, which was refused, and he excepted.    For the other
facts, see the decision.

HOWARD THOMPSON; H. H. PERRY, for plaintiff in
error.

GEO. F. GOBER, solicitor general; THOS. F. GREER,
for the state.

JACKSON, Chief Justice.

1. The only question necessary to the final disposition
of this case is, whether under the laws of this state an at-
torney is empowered to act as judge *pro hac vice* in a crim-
inal case, the state and the accused both consenting there-
to.   Prior to the constitution of 1877, and the act of 1879,
there might have been some doubt, and possibly jurisdic-
tion was given by the act of 1860, in criminal as in other
cases, from the broad language of that act. See Code, §250,
acts of 1860, page 43.

There was a divided court on the constitutionality of
this act, even in civil cases—39 *Ga.*, 361—but the major-
ity upheld the validity of the act, and that decision has
been repeatedly considered as law by this court subse-
quently.   Nevertheless, by the constitution of 1877, ar-
ticle 6, section 4, paragraph 9, appendix to Code, §626,
express power is given to the general assembly to provide
by law for the appointment of some person to act as judge
where the judge of the superior courts is disqualified.
That paragraph is in these words:   "The general assem-

bly may provide by law for the appointment of some proper person to preside in cases where the presiding judge is from any cause disqualified," and by virtue of the authority therein conferred, the general assembly did provide by law for such cases, and confined the operation of the act to civil cases.   Acts of 1878–9, page 28.

Whatever may have been the law prior to the constitution of 1877, and the act of 1879, we are quite clear that since that act went into effect, the act of 1860, and the provision of the Code on the subject taken from that act were modified, if ever operating so widely, to the extent of confining the appointment of judges *pro hac vice* to civil cases.

Therefore, the plaintiff in error was illegally convicted before the tribunal which undertook to try him, notwithstanding his consent, and the cause must be remanded for a new trial.

2. A motion was made to dismiss the writ of error on the ground that the person undertaking to act as judge had no power to certify to the bill of exceptions, but under the ruling at the last term in the case of *Worsham vs. Murchison*, the effect of the want of jurisdiction in such cases is not to dismiss the writ of error but to reverse the judgment for want of jurisdiction in the court which rendered it.

Judgment reversed.