## POPE, trustee, *vs.* JONES.

1. In the case of *Tumlin vs. Maxwell*, at the present term, it was held that a provision in a section of an act establishing a city court, which provided for the filing of a bill of exceptions in order to carry the case to the superior court for review, was unconstitutional.
2. Where the court below entertains a suit of which it has no jurisdiction and acts thereon, the bill of exceptions complaining of the judgment of that court will not be dismissed, but the judgment will be reversed; but where the court below has no jurisdiction and refuses to act, a bill of exceptions based upon such refusal will be dismissed.
3. Ordinarily a judgment of reversal by this court carries the costs in favor of the plaintiff in error; but in this case, while the court below had no jurisdiction to entertain the bill of exceptions from the city court, and his judgment so doing is reversed, yet he had jurisdiction to enter up a judgment for costs against the plaintiff in error, and to that extent his judgment is affirmed.

January 9, 1888.

Jurisdiction.   Bill of Exceptions.   Practice in Supreme Court.   Costs.   Before Judge MADDOX.   Floyd Superior Court.   March Term, 1887.

Reported in the decision.

C. A. THORNWELL, for plaintiff in error.

REECE & DENNY; C. N. FEATHERSON, for defendant.

SIMMONS, Justice.

It appears from the record in this case that Jones recovered a judgment against Pope, trustee, in the city court of Floyd county, and that under the 20th section of the act approved September 27th, 1883, establishing the city court of Floyd county, he filed his bill of exceptions to the superior court, to the judgment of said city court overruling the motion for a new trial. The superior court affirmed the judgment of the city court; whereupon Pope sued out a bill of exceptions to this court, assigning as error the

refusal of the superior court to grant him a new trial on his bill of exceptions to that court. When the case was reached upon the docket of this court, a motion was made to dismiss the bill of exceptions, on the ground that the 20th section of said act was unconstitutional and void, and that the defendant in the court below had no right to file his bill of exceptions to the superior court of Floyd county, and that the superior court had no jurisdiction thereof.

1. In the case of *Tumlin vs. Maxwell,* decided at the present term of this court, it was held that a similar section in the act establishing the city court of Bartow county was unconstitutional; and the question before us now is, whether the bill of exceptions from the superior court of Floyd county to this court should be dismissed or reversed.

2. The rule established by the decisions of this court seems to be, that where the court below entertains a suit of which it has no jurisdiction, and acts thereon, the bill of exceptions complaining of the judgment of the court below will not be dismissed, but the judgment will be reversed ; but where the court below has no jurisdiction and refuses to act, the bill of exceptions brought here upon such refusal will be dismissed. As to the former proposition, see *Walker vs. Banks,* 65 *Ga.* 20 ; *Worsham vs. Murchison,* 66 *Ga.* 715 ; *Castleberry vs. The State,* 68 *Ga.* 49. As to the latter proposition, see *Wheeler vs. Walker,* 55 *Ga.* 256 ; *Speer vs. Stanton,* 69 *Ga.* 771 ; *Tison vs. Myrick,* 60 *Ga.* 123 ; *Middlebrooks vs. Middlebrooks,* 57 *Ga.* 193.

In this case, the superior court had no jurisdiction to pass upon a bill of exceptions sued out from the city court. The court did not refuse to entertain the bill of exceptions, but acted on it, and passed a judgment of affirmance, affirming the action of the judge of the city court in refusing to grant the motion for a new trial. So in accordance with the rule above laid down, where the court has no jurisdiction but acts thereon, the bill of exceptions will not be dismissed, but the judgment of the court below

will be reversed, because he had no jurisdiction to hear and determine the bill of exceptions from the city court.

3. Ordinarily a judgment of reversal by this court carries the costs in favor of the plaintiff in error here; but in this case we do not reverse the whole of the judgment of the court below. The whole judgment is not void. Only that part of it entertaining the bill of exceptions from the city court and affirming the judgment of the city court is void for want of jurisdiction. The judgment for costs against Pope is not void, because the superior court had jurisdiction as to costs. A court may have no jurisdiction to hear and determine a case, as for instance, where it is brought in the wrong county; yet it would have jurisdiction to enter up a judgment for costs against the plaintiff.

We, therefore, affirm so much of the judgment of the court below as puts the costs of this case upon the plaintiff in error here.

Judgment affirmed as to cost, but otherwise reversed.