## McGowan, executor, etc., *vs.* Lufburrow *et al.**

Bleckley, C. J.—The code, §4250, declares that " No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause." An action of ejectment, tried on special pleadings as a cause in equity, and in which the verdict of the jury consists only of answers to certain specific questions propounded by the court, in terms of section 4206 of the code, is still pending in the superior court until the judge shall have made a written judgment and decree upon the verdict; and the Supreme Court will not exercise jurisdiction of a writ of error brought before the rendering of such judgment and decree to reverse a judgment refusing a new trial. Leave, however, is granted to enter the bill of exceptions, or the official copy of it retained below, of record, *pendente lite*, and direction is given accordingly.

Writ of error dismissed.

July 11, 1888.

Practice in Supreme Court.

Chisholm & Erwin and Geo. A. Mercer, for plaintiff in error.

Lester & Ravenel, J. E. Wooten, R. R. Richards and U. H. McLaws, *contra.*

---

*This case was brought forward from the last term, under §4271(a) *et seq.* of the code.