Hudson *et al. v.* Sullivan *et al.*

The determination by an ordinary or a board of county commissioners in proceedings for changing militia district lines, under section 484 *et seq.* of the code, presents no judicial question, the same not being an adjudication between parties litigant. It follows that the judge of the superior court has no jurisdiction to review by *certiorari* the decision in such a matter, and the Supreme Court is also without jurisdiction, the judge of the superior court having declined to usurp any.

March 26, 1894. Argued at the last term.

Petition for *certiorari.* Before Judge Henry. Floyd county. April 25, 1893.

Wrights & Harper, for plaintiffs.
George & Walter Harris, for defendants.

LUMPKIN, Justice.

Hudson and Walker sought to review by *certiorari* the action of the board of commissioners of roads and revenues of Floyd county in changing the line between two militia districts. The refusal of the judge of the superior court to sanction the petition for *certiorari* is the error assigned. In our opinion, the judge was right. The strong intimation of this court in *Hillsman* v. *Harris*, 84 *Ga.* 436, that the action of the ordinary in changing district lines is final, and not subject to review by the writ of *certiorari*, or otherwise, is now adopted as the correct law upon this question. Of course, it makes no difference in principle that, in the present case, the action complained of was taken by the board of county commissioners instead of the ordinary, they having jurisdiction of the matter. The reasons given by Chief Justice BLECKLEY in the case cited are, we think, sufficient, and conclusive upon the question presented.

The case of *Leathers* v. *Furr*, 62 *Ga.* 421, relied on by counsel for the plaintiffs in error, is not at all like the present case. That case involved litigation between two individuals concerning a private way, the one alleging a right to the use of the way and seeking to have obstructions removed therefrom, and the other denying and contesting this right.

Inasmuch as the judge of the superior court properly declined to assume jurisdiction of the petition presented to him, this court is also without jurisdiction in the matter; and accordingly, we have ordered the writ of error to be dismissed, thus following the practice indicated in *Pope, trustee,* v. *Jones,* .79 *Ga.* 487.

*Writ of error dismissed.*