HOLSTON BOX & LUMBER COMPANY *v.* VONBERG & BATES.

A bill of exceptions assigning error on the defendant's exceptions pendente lite to rulings of an auditor, and on the rulings of the court upon his exceptions of law to the auditor's report, and on the overruling of his motion for a new trial after verdict upon trial of his exceptions of fact to the auditor's report, is legally sufficient without a further assignment of error on the judgment entered on the verdict, making the auditor's report the judgment of the court.

No. 4763. AUGUST 14, 1925.

Question certified by Court of Appeals (Case No. 15380).

*R. Noel Steed, William E. Mann,* and *W. Gordon Mann,* for plaintiff in error.

*C. N. King, W. C. Martin,* and *Maddox, McCamy & McFarland,* contra.

BECK, P. J. The Court of Appeals certified the following question: "Where, in a vendor's action for damages growing out of an alleged breach of contract by the vendee in refusing to accept a portion of the goods contracted for, exceptions of law and exceptions of fact to the report of an auditor have been filed by the defendant, and where, after the trial judge has determined the exceptions of law, the exceptions of fact, excepting to the findings

of the auditor on all disputed questions of fact, but not excepting to the findings of the auditor as to certain other material but undisputed questions of fact, are tried before a jury, which finds a verdict merely against such exceptions of fact designated by number; and where the court then enters against the defendant a judgment, which, after reciting the judge's previous determination of the exceptions of law and the verdict of the jury against the exceptions of fact, provides in effect that the auditor's report as a whole be made the judgment of the court, and that the plaintiff recover of the defendant certain stated sums; and where the defendant then files a motion for a new trial, excepting upon general and special grounds to the verdict of the jury as above described, and the court enters an order overruling the motion for a new trial; and where the defendant brings to this court a bill of exceptions, assigning error on the defendant's exceptions pendente lite to the rulings of the auditor and the rulings of the court on the exceptions of law to his report, and also on the judgment overruling the motion for new trial, is it essential to the validity and legal sufficiency of the bill of exceptions that it should assign error on the judgment making the auditor's report the judgment of the trial court; or is it sufficient merely to assign error on the judgment overruling the motion for a new trial as above described?"

Where in an action at law there has been a trial involving the investigation and decision of matters of fact in issue between the parties, and that trial has taken place in a court authorized to grant new trials, the party against whom the verdict of the jury is returned may make a motion for a new trial within the time prescribed by law, in which motion he may raise questions as to the sufficiency of the evidence to authorize the verdict, questions as to the correctness of the court's rulings in excluding or admitting evidence, and other questions as to errors which it is contended had been committed prior to the verdict, such as alleged errors in the charge, or in failing to give written requests to charge, etc.; and where upon hearing the motion for a new trial the court below refuses to grant it, the movant may have his bill of exceptions, and by writ of error carry the case to the Court of Appeals or the Supreme Court; and in his bill of exceptions taken to the judgment of the trial court denying a new trial, it is not necessary that he except to the judgment previously rendered.

Where there has been a trial by a jury and a verdict rendered, the losing party may file his bill of exceptions before a judgment is rendered in the case, and in many instances must file it before judgment is rendered, where the taking of a judgment is delayed, as the taking of a judgment may be delayed beyond the time within which a motion for a new trial could be filed. The object of a motion for a new trial is to have the verdict rendered in the case set aside, so that there may be a re-examination of the issues of fact involved in the case, and that the judge may again charge the jury as to those issues of fact and the evidence; and if errors of law were committed in the first trial by the court's ruling upon evidence or in his charge, or otherwise, those errors, if proper assignments of error are made, may be corrected by the grant of a new trial, either by the trial court or by the reviewing court. But where there has been a trial in an action involving a question of fact and a motion for a new trial made and overruled, then the bill of exceptions is sufficient where it recites the fact of the trial and the verdict, the motion for a new trial and the overruling of the same, and contains an exception to the judgment overruling the motion for a new trial. And the exception to the judgment overruling the motion for a new trial is sufficient to bring before the reviewing court all of the assignments of error which are properly made in the motion for a new trial. If before the motion for a new trial was filed a judgment was rendered based upon the verdict in the case, which is attacked in the motion for a new trial, and a new trial is granted, it has the effect of setting aside the verdict, and the judgment which was rendered is carried away with the verdict; and the failure to except to a judgment rendered in the trial court, where a proper motion has been made for a new trial after a verdict, does not render the bill of exceptions invalid or insufficient. And in the case last supposed the bill of exceptions is sufficient to test the question as to whether or not errors were committed by the court which may have affected the verdict sought to be set aside by the motion for a new trial.

*All the Justices concur.*