## ALRED *v.* ALRED.

A judgment overruling a motion for new trial, after verdict, is a final judgment on which a writ of error lies, although no judgment on the verdict has been entered.

No. 5771. APRIL 18, 1927.

Question certified by Court of Appeals (Case No. 17558).

Appeal and Error, 3 C. J. p. 505, n. 37; p. 507, n. 61.

*Porter & Mebane,* for plaintiff in error.  *M. B. Eubanks,* contra.

GILBERT, J.  The Court of Appeals propounded the following question: "The defendant in the court below sued out a bill of exceptions to the overruling of his motion for a new trial.  The bill of exceptions recited that the defendant had been sued on an open account, and that the jury had returned a verdict in favor of the plaintiff, and against him, and that his motion for a new trial had been overruled, and to this judgment he excepted. Neither the verdict nor the judgment entered thereon was transmitted to this court, nor were they specified in the bill of exceptions as parts of the record to be so transmitted.  When the case was called in this court counsel for the defendant in error made an oral motion to dismiss the bill of exceptions, upon the ground that the verdict and the judgment entered thereon had not been transmitted to this court and had not been specified in the bill of exceptions as parts of the record to be so transmitted.  This court held the motion in abeyance, and, under the authority vested in it, directed the clerk of the trial court to transmit to this court certified copies of the verdict and judgment entered thereon, provided they were of file in his office.  In pursuance of such direction the clerk of the trial court transmitted a certified copy of the verdict in the case, and he further certified *that no judgment thereon had ever been taken.*  Under the foregoing facts should the bill of exceptions be dismissed?"  We answer that the bill of exceptions should not be dismissed.  The judgment overruling the motion for new trial is a final judgment as contemplated in the Civil Code (1910), § 6138.  There may be found a line of cases holding that where there has been no general verdict or judgment, or decree rendered on answers to questions submitted in equity cases, a writ of error to this court will not lie.  See *McGowan* v. *Lufburrow,* 81 *Ga.* 358 (7 S. E. 314); *Buford* v. *Kennedy,* 85 *Ga.* 212 (11 S. E. 561); *Atlanta &c. Asso.* v. *Jones,* 111 *Ga.* 890 (36 S. E. 968); *Johnson* v. *Battle,* 120 *Ga.* 649 (48 S. E. 128); *Heaton* v. *Haisten,* 143 *Ga.* 589 (85 S. E. 765).

*All the Justices concur.*