SMITH *v.* BOARD OF EDUCATION OF FLOYD COUNTY; *et vice versa.*

HINES, J. This case arose under the land-registration act. It was referred to an examiner or auditor, who filed with the clerk of the court his conclusions of law and fact. Smith filed exceptions to certain of the auditor's conclusions of law and of fact. The judge approved the ex-

ceptions to the findings of fact, but reserved his decision upon the exceptions to the conclusions of law. The exceptions to the auditor's findings of fact were submitted to a jury, which sustained these findings of fact. Smith made a motion for a new trial, which was overruled, and he excepted. The respondent in the motion filed a cross-bill of exceptions. Smith did not except to any judgment upon his exceptions to the auditor's conclusions of law, or to a final judgment in the case. *Held:*

1. The judgment overruling the motion for new trial was not a final judgment to which a writ of error will lie to this court; it not appearing that any judgment was rendered by the court upon the exceptions to the auditor's findings of law, and there being no exception to any judgment rendered in favor of the applicant for registration. *Huson* v. *Bank of Covington,* 158 *Ga.* 434 (123 S. E. 742).

2. The losing party in the motion for new trial, to set aside a verdict sustaining the auditor's findings of fact, should have excepted pendente lite to the judgment refusing a new trial, upon which error could be assigned in a bill of exceptions tendered after the final disposition of the case, and assigning error upon the final judgment therein. *Whitton* v. *Barrow,* 159 *Ga.* 57 (124 S. E. 874). The case differs from *Alred* v. *Alred,* 164 *Ga.* 186 (137 S. E. 823), in which we held that a judgment overruling a motion for new trial, after verdict, is a final judgment on which a writ of error lies, although no judgment on the verdict has been entered; the principle therein announced being applicable where the verdict is a general one and has the effect of finally disposing of the case.

3. Leave is granted to treat the official copies of the bills of exceptions as exceptions pendente lite.

*Writs of error dismissed, with direction. All the Justices concur.*

Nos. 6541, 6554. June 13, 1928.

Land registration. Before Judge Maddox. Floyd superior court. March 10, 1928.

*M. B. Eubanks,* for plaintiff in error in main bill of exceptions. *George A. H. Harris,* contra.