LINGO *et al. v.* RICH *et al.*

No. 7177. NOVEMBER 15, 1929. REHEARING DENIED JANUARY 20, 1930.

*N. L. Stapleton,* for plaintiffs in error. *W. I. Geer,* contra.

HINES, J. This is a suit in equity. The court below appointed an administrator ad litem for one of the defendants, who was a non-resident of this State, and who had died after the institution of the suit but before service had been perfected upon him. To the appointment of such administrator the other defendants objected; the court overruled their objection, and to this ruling they excepted pendente lite, and assign error thereon in the bill of exceptions in

this case. The court below submitted the case to an auditor, who made a report of his findings of law and fact. The plaintiff excepted to the auditor's findings of law and fact. The defendants moved to .dismiss these exceptions, upon various grounds. The court below overruled their motions to dismiss them. To the judgment of the court overruling their motions the defendants excepted pendente lite, and assign error thereon in the bill of exceptions.

The court submitted the case to the jury upon special questions to be answered by them. To this direction the defendants objected upon the ground that the exceptions to the auditor's findings of fact should be passed upon by the jury seriatim, and not upon special questions propounded by the court to them. The court overruled this objection, and to this ruling the defendants excepted pendente lite, and assign error thereon in the bill of exceptions. The jury returned a special verdict answering the questions propounded by the court. The defendants moved for a new trial upon various grounds, which the court overruled, and to this judgment the defendants excepted and assign error thereon. The bill of exceptions recites that a final decree was rendered by the court in favor of the plaintiff. To this decree the defendants do not except. The plaintiff, who is the defendant in error in this court, moves to dismiss the bill of exceptions, on the ground that the defendants, who are the plaintiffs in error, do not except to and assign error on the final decree rendered in the case.

1. A bill of exceptions to rulings made pendente lite in a suit in equity, which does not assign error upon any final decree, or a judgment which would have been final if rendered as claimed by the plaintiff in error, will not be entertained by this court. *Huson* v. *Bank of Covington,* 158 *Ga.* 421 (123 S. E. 742).

2. Where exceptions of law and fact to an auditor's report in an equitable case are overruled by the presiding judge, this is not a final judgment. *Prater* v. *Crawford,* 143 *Ga.* 709 (85 S. E. 829); *Murphey* v. *District Grand Lodge,* 148 *Ga.* 648 (97 S. E. 858); *Winder Lumber Co.* v. *Washington Brick Co.,* 149 *Ga.* 215 (99 S. E. 863); *Huson* v. *Bank of Covington,* supra.

3. Where parties excepted to findings of fact reported by an auditor, and the jury trying such exceptions returned a special verdict in answer to questions propounded by the court under section 5422 of the Civil Code, upon which verdict a decree was then

entered, and the losing parties moved for a new trial and obtained a supersedeas until further order of the court, which motion was overruled, the judgment overruling their motion for new trial was not a final judgment, and the case was still pending in the lower court until the superseded decree taken upon the verdict became of force by a further order of the court; and where no exception was taken to such decree, and the losing parties sued out a bill of exceptions to review certain pendente lite exceptions and the judgment overruling their motion for new trial, this court will not exercise jurisdiction of such writ of error brought to reverse said pendente lite rulings and the judgment refusing a new trial. *McGowan* v. *Lufburrow,* 81 *Ga.* 358 (7 S. E. 314) ; *Atlanta National B. & L. Asso.* v. *Jones,* 111 *Ga.* 890 (36 S. E. 968) ; *Heaton* v. *Haisten,* 143 *Ga.* 589 (85 S. E. 765) ; *Smith* v. *Board of Education,* 166 *Ga.* 535 (143 S. E. 578). This case differs from the ruling made in *Alred* v. *Alred,* 164 *Ga.* 186 (137 S. E. 823), in which the writ of error was sued out to review a judgment overruling a motion for new trial, based on a general verdict.

4. Leave is not granted to the plaintiffs in error to treat the official copy of the bill of exceptions as an exception pendente lite, because it is too late for them to except to the final decree in the case. *Writ of error dismissed. All the Justices concur.*

ON MOTION FOR REHEARING.

HINES, J. In division 3 of the opinion as originally written, we inadvertently stated that the decree rendered upon the verdict was taken after the motion for new trial was overruled. The decree was taken upon the rendition of the verdict, and before the motion for new trial was overruled; but when the motion was filed, an order was taken superseding the decree until the further order of the court. The supersedeas was in force at the time the motion for new trial was overruled, and such supersedeas ceased with the judgment overruling the motion for new trial. So the decree must be treated as having become of force at the time of said judgment. In view of these facts, the ruling dismissing the writ of error was not erroneous for the reason that the decree had been taken on the rendition of the verdict, the same having been superseded as above stated. The 3d division of the opinion as originally written is therefore changed to correspond with the facts above stated.

*Rehearing denied.*