JOHNSON *et al. v.* CHAPPELL, commissioner, *et al.*

*J. L. Smith,* for plaintiffs. *Boykin & Boykin,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) The law in relation to the creation of new militia districts is contained in the Code, §§ 23-201 et seq. Section 23-203 declares: "Each district hereafter organized or changed must contain within its limits at least 100 male persons over 21 years of age, resident at

the time of the organization, liable to militia duty, and in its formation must not leave any older district with a less number." Section 23-204 declares: "Whenever it may be necessary and expedient to lay out a new militia district, or to change the lines of old ones, or to consolidate or abolish old districts, the ordinary may, at any time, appoint three commissioners, citizens of the district or districts from which it is proposed to make the new district, or change the lines thereof, whose duty it shall be to lay out and define such lines, and report the same to the said ordinary." Section 86-201 fixes the maximum age of those subject to militia duty at forty-five years.

In the creation of a militia district, the proper county authority is vested with certain discretionary powers, such as whether or not a new district should be created, or what citizens of the district should be appointed to act as commissioners, or where the boundary lines of the new district should be established, provided the territory embraced in the new district otherwise meets the requirements of the law. Where the proceedings conform to the statute, such acts are within the discretion and judgment of the proper county authorities, and are final. They are political, or legislative, rather than legal, and the exercise of the discretion of the county authority in determining such questions, in the absence of fraud or the wilful abuse of discretion in determining such questions, could not be made the subject of review by the superior court or by this court. *Hillsman* v. *Harris*, 84 *Ga.* 432 (1, 2) (11 S. E. 400); *Hudson* v. *Sullivan*, 93 *Ga.* 631 (20 S. E. 77); *Dew* v. *Smith*, 130 *Ga.* 564 (61 S. E. 232). But this discretion would in no way grant to the county authority any power to create a militia district that did not conform to the requirements of the law as contained in the Code, § 23-203, which provides that there must be contained in both the new and the old district at least 100 male persons over 21 years of age subject to militia duty. This provision is mandatory, and a proceeding which seeks to create a new district, but leaves an old district with less than the required number of male persons subject to militia duty, is repugnant to this provision of the Code. An order so approving and establishing such a militia district would be void, and could have no lawful or practical operation; and it is within the power of the superior court, and of this court, to so declare when the question of its validity is properly presented for adjudication. *Howell* v. *Kinney*, 99 *Ga.* 544 (27 S. E. 204).

The petition in the instant case alleged that in the attempt to establish the new district the original district was cut into two parts, and that portion remaining in the original district was left with less than the required number of male persons subject to militia duty. This allegation being true, and it must be so taken in passing on a general demurrer, the order approving the report of the commissioners and establishing the new district was void, and the trial judge erred in sustaining the general demurrer to the petition. *Judgment reversed. All the Justices concur.*