## WILLIAMS et al v. CROSS et al.

DUCKWORTH, Justice. 1. A bill of exceptions to a ruling made pendente lite, which does not assign error upon any final judgment or a judgment which would have been final if rendered as claimed by the plaintiff in error, will not be entertained by this court. *Huson* v. *Bank of Covington,* 158 *Ga.* 434 (123 S. E. 742).

2. "Objections which go to the judgment only, and do not extend to the verdict, can not properly be made grounds of a motion for new trial. . . No new trial is necessary to correct a judgment or decree. If a

judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time." *Smith* v. *Wood*, 189 *Ga.* 695 (2) (7 S. E. 2d, 255), and cit.

3. Where in an equitable action, as here, specific questions were submitted to the jury with instructions to answer certain of the questions as directed by the court and to answer the others according to their findings from the evidence, and the jury returned a special verdict in answer to the questions, and a decree upon the verdict was entered, and thereafter the plaintiffs moved for a new trial and obtained a supersedeas until the further order of the court, an order overruling that motion was not a final judgment upon which a writ of error would lie (in the absence of a direct exception to the decree) upon a bill of exceptions which assigns error on exceptions pendente lite to a judgment overruling a general demurrer to a petition for intervention, filed by persons who were thereafter made parties, and on a judgment overruling the plaintiffs' motion for new trial. *Lingo* v. *Rich*, 169 *Ga.* 628 (151 S. E. 387).

(a) The ruling in *Alred* v. *Alred*, 164 *Ga.* 186 (137 S. E. 823), is not applicable, the writ of error in that case having been sued out to review a judgment overruling a motion for new trial based on a *general* verdict.

4. Since the present bill of exceptions contains no valid assignment of error on any final judgment, under the authorities above cited, the writ of error must be dismissed. *Griffin* v. *Smith*, 197 *Ga.* 123 (28 S. E. 2d, 261), and cit.    *Writ of error dismissed. All the Justices concur.*

No. 14752. FEBRUARY 11, 1944.

*Carlisle Cobb,* for plaintiffs.

*A. M. Kelley* and *Eugene A. Epting,* for defendants.