ALBANY FEDERAL SAVINGS AND LOAN ASSOCIATION
*v.* HENDERSON *et al.*

118

No. 14818. JULY 6, 1944. REHEARING DENIED JULY 18, 1944.

126

128

*Bennet, Peacock & Perry,* for plaintiff in error.

*Farkas & Burt, Jimmie Davis* and *Malone & Peacock,* contra.

DUCKWORTH, Justice. ■ Where a special verdict answering specific questions in an equity case is returned, a bill of exceptions assigning error upon the judgment overruling a motion for new trial, which fails to show that a decree based upon the verdict and fixing the rights of the parties in the case has been entered, is premature and must be dismissed by the Supreme Court, because the case is still pending in the trial court until such a decree is entered. *McGowan* v. *Lufburrow,* 81 *Ga.* 358 (7 S. E. 314); *Heaton* v. *Haisten,* 143 *Ga.* 589 (85 S. E. 765); *Smith* v. *Board of Education,* 166 *Ga.* 535 (143 S. E. 578). This rule stands upon the solid reason that, since the complaining party in the motion does not suffer injury unless a decree against his interest is entered, he is not entitled to complain until this adverse ruling has been made. It also stands upon the firm foundation of statutory law, which requires that, before a case can be reviewed by the Supreme Court, it must have terminated in the trial court, or that, if the ruling had been made as contended for, it would have terminated. Code, § 6-701. However, neither the foregoing decisions nor the statute requires that such decree be excepted to in order that a judgment on a motion for new trial may be reviewed by a bill of exceptions to the Supreme Court, assigning error thereon. The thought has been suggested by counsel for the plaintiff in error that in such a case the trial court might enter a judgment granting the motion for new trial, and thus present the question as to whether or not there exists a sound reason for requiring the respondent to except to a decree that is wholly favorable to his interest, in order that he may obtain a review by the Supreme Court of the judgment ad-

verse to his interest in the grant of a new trial. Such a require-ment would obviously impose upon an attorney the necessity of as-suming an inconsistent and indeed a ridiculous position, would breed confusion and uncertainty, and would contribute nothing in aid of the administration of justice or an intelligent adjudication of litigated issues. Putting aside theoretical considerations and directing attention squarely to the question here presented, it is perfectly obvious that no meritorious reason exists for requiring an exception to the decree as a condition precedent to a review of the judgment on the motion for new trial. The decree in this case was not and could not, under the law, be a final judgment terminat-ing the case in the trial court, since at the very instant it was signed the law to which it was subject conferred upon the parties the indisputable right to have reviewed by a motion for new trial, not only the verdict, but all questions of law embraced in the amendment to the motion. This law caused the case to remain a pending case so long as this right continued to exist. The decree does not purport to deal with, nor could it lawfully have dealt with, adjudicated, or settled a single one of the questions embraced in the amended motion for new trial. It left those questions undecided, and, hence, pending until decided in the manner prescribed by law, to wit, by a judgment granting or denying the amended mo-tion for new trial. Those questions constituted the entire case re-maining in the trial court after the decree was entered, and the judgment overruling the motion for new trial was the final judg-ment in the case, adjudicated those questions, and terminated the case, and, hence, was reviewable by the Supreme Court by a bill of exceptions under the Code, § 6-701. Doubtless this court gave no consideration to the matters just discussed when rendering the decision in *Lingo* v. *Rich,* 169 *Ga.* 628 (supra). That decision apparently was placed upon an erroneous construction of the deci-sions cited in support of the ruling. It was there held, all the Jus-tices concurring, that a bill of exceptions, assigning error upon a judgment overruling a motion for new trial where a special verdict had been returned, must be dismissed because it failed to except to the final decree entered therein, based upon the special verdict. The opinion advances no argument to sustain the ruling, and neither does it state a reason which the court thought justified the ruling. It merely announces the rule and cites in support thereof *Mc-*

*Gowan* v. *Lufburrow,* supra, *Atlanta National Building &c. Assn.* v. *Jones,* 111 *Ga.* 890 (36 S. E. 968), *Heaton* v. *Haisten,* supra, and *Smith* v. *Board of Education,* supra, none of which decisions, in our opinion, support the ruling made. That decision, concurred in by all the Justices, has the force and effect of a statute. Code, § 6-1611, *Lucas* v. *Lucas,* 30 *Ga.* 191, 202 (76 Am. D. 642); *Heard* v. *Russell,* 59 *Ga.* 24, 54; *Hagan* v. *Asa G. Candler Inc.,* 189 *Ga.* 250, 258 (5 S. E. 2d, 739). It is binding upon this court until reviewed, after argument, and overruled by a decision concurred in by all six of the Justices. Therefore, acting under and in obedience to this rule of law, this court followed and applied the ruling made in *Lingo* v. *Rich,* supra, and dismissed the bill of exceptions, because of the failure to except to the final decree where a special verdict had been returned, in *Henson* v. *Merritt,* 193 *Ga.* 108 (see correction in 194 *Ga.* 882), *Griffin* v. *Smith,* 197 *Ga.* 123, *Williams* v. *Cross,* 197 *Ga.* 295, and *Little* v. *Peterson,* 197 *Ga.* 52 (supra).

So long as the cases presented the simple question of failure to except to a final decree, since this requirement in such cases appeared to impose no particular hardship, no serious complaint was heard by this court; but the present case presents facts that will not readily yield to the simple treatment of merely excepting to the decree. The decree here was entered about eight months before the motion for new trial was overruled. It was excepted to only in a bill of exceptions taken to the judgment overruling the motion for new trial. These facts immediately brought into the case the statutory requirement that exceptions to any judgment, sentence, or decree, etc., be filed within 30 or 60 days, according to the circumstances, from the date thereof. Code, § 6-902. The fact that the case was still pending because of the motion for new trial, raises the question as to whether or not the decree was interlocutory, and, hence, must be excepted to pendente lite as provided in the Code, § 6-905, and also the unusual significance attributed to a supersedeas by this court, on a rehearing in *Lingo* v. *Rich.* Furthermore, during the time we have had this case under consideration, motions to dismiss have been filed in a number of other cases pending in this court, based upon the ruling in *Lingo* v. *Rich.* It thus appears that there is among the lawyers throughout the State a general lack of understanding of the rule there applied. We have also found a large number of cases where this court ruled

upon the merits of the bills of exceptions, assigning error only upon a judgment overruling a motion for new trial where a special verdict had been returned. No exception was taken to the decree based upon the special verdict. Of course, as against an attack on the judgments of this court as settling the rights of the parties, as there presented for adjudication, a presumption of law exists that in those cases this court of its own motion considered the question of its jurisdiction, and as between the parties the decisions became binding as the law of the case. But this presumption of law does not have the effect of clothing these judgments with the character of judicial precedents which, under the principle of stare decisis, bind this court in subsequent cases, where an issue is squarely presented in a motion to dismiss the writ of error because no timely assignment of error on a final decree is made in the bill of exceptions brought to this court. As was said in Webster *v.* Fall, 266 U. S. 507, 511 (45 Sup. Ct. 148, 69 L. ed. 411) ; "Counsel for appellant directs our attention to other cases, where this court proceeded to determine the merits notwithstanding the suits were brought against inferior or subordinate officials without joining the superior. We do not stop to inquire whether all or any of them can be differentiated from the case now under consideration, since in none of them was the point here at issue suggested or decided. The most that can be said is that the point was in the cases if anyone had seen fit to raise it. Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." See also United States *v.* Mitchell, 271 U. S. 9, 14 (46 Sup. Ct. 418, 70 L. ed. 799) ; Gargilis *v.* Gleavy, 45 Fed. Supp. 721; Schram *v.* Robertson, 111 Fed. 2d, 722. Yet, in the Georgia cases which, as we have stated, were before this court and the merits were decided, although error was assigned only upon a judgment overruling a motion for new trial where a special verdict had been returned, a lack of understanding by the bench and bar is manifested as to the ruling in *Lingo* v. *Rich.* Considering all of these factors, we have concluded that the rule applied in *Lingo* v. *Rich,* and followed in *Henson* v. *Merritt, Griffin* v. *Smith, Williams* v. *Cross,* and *Little* v. *Peterson,* contributes nothing to the administration of justice, to sound adjudication of cases, or to the interest of litigants, but that the ruling in each case is a stumbling

block on which the merits of the cases are made to fall. Being so, and having its origin only in the decisions of this court, its perpetuation can not be justified. Therefore, pursuant to our authority and in fulfillment of our duty, we have, after giving notice to the parties as required by law, carefully reviewed the decisions in *Lingo* v. *Rich, Henson* v. *Merritt, Griffin* v. *Smith, Williams* v. *Cross,* and *Little* v. *Peterson,* supra, and hereby expressly overrule each of these cases in so far as they rule that, where a special verdict is returned, a bill of exceptions assigning error on a judgment granting or denying a motion for new trial must be dismissed if it fails to except also to a decree fixing the rights of the parties based upon the special verdict. A judgment granting a motion for new trial, in a case where a special verdict has been returned, automatically sets aside and cancels the decree previously entered, based upon such special verdict. *Sharp* v. *Findley,* 71 *Ga.* 654; *Holston Box &c. Co.* v. *Vonberg,* 160 *Ga.* 813 (129 S. E. 92). If the decree can thus be absolutely set aside, why encumber the record by requiring a direct attack upon such decree?

For the purpose of making perfectly clear the procedure in cases where special verdicts are returned, and it is sought to review a judgment overruling the motion for new trial, we undertake now to state to what extent reference to the decree is required. There need be no exception to the decree, but, under the decisions and the statute above referred to, it must be made to clearly appear by a recital in the bill of exceptions, or by specifying therein the decree as a necessary record to be sent up, that a decree fixing the rights of the parties based upon a special verdict has been entered, and, hence, that the case has terminated and is no longer pending in the trial court. The motion to dismiss the bill of exceptions, under the authority of *Lingo* v. *Rich, Henson* v. *Merritt, Griffin* v. *Smith, Williams* v. *Cross,* and *Little* v. *Peterson,* is denied.

This record shows that the decree was entered subsequently to the grant of a supersedeas and during the time when the supersedeas was of force. It thus appears that, under the ruling in *Tanner* v. *Wilson,* 184 *Ga.* 628 (192 S. E. 425), the court was without jurisdiction to enter the decree, and that for this reason the decree is void. For these reasons only, we have, on our own motion, considered whether or not the bill of exceptions should be

dismissed since it fails to show a termination of the case in the trial court by a valid decree. Does the plaintiff in error carry the burden placed upon it of showing termination of the case in the trial court by showing a decree void on its face because of lack of jurisdiction of the court to render the same? Without here approving the ruling made in the *Tanner* case, we think that the question of our jurisdiction is settled by the rule that, although a judgment excepted to shows on its face it is void, this court will not on that account dismiss the bill of exceptions, but will reverse the case because of such invalidity of the judgment. *Walker* v. *Banks,* 65 *Ga.* 20; *Pope* v. *Jones,* 79 *Ga.* 487 (2), 488 (4 S. E. 860); *Castleberry* v. *State,* 68 *Ga.* 49; *McDonald* v. *Farmers Supply Co.,* 143 *Ga.* 552, 557 (85 S. E. 861). The bill of exceptions, showing that a decree has been entered by the trial court, is sufficient, irrespective of the validity or invalidity of such decree.

■ The general grounds of the demurrer have been abandoned, the plaintiff in error stating in its summary of the petition in its brief that, "Hence, the plaintiff set out a cause of action against the defendant association for a breach of a contract to loan money." Special demurrers, except those hereinafter dealt with, are not argued or insisted upon and will not be ruled on. Special demurrers are urged to the petition on the grounds of misjoinder and multifariousness; it being contended that the parties defendant other than the defendant association have no common interest with the association in the litigation, and that for stated reasons their interests are antagonistic to its interest, and that different causes of action are set forth in the petition. It appears from the record, however, that under date of June 27, 1942, the court, pursuant to agreement "of all parties hereto," entered an order that the association was due under the loan contract the sum of $7657.88 as of June 8, 1942, with interest from said date at eight per cent. per annum, less any damages that may be found due the petitioner by virtue of any alleged breach of the contract; and that subsequently, on March 22, 1943, the court entered an order overruling all of the demurrers; and that, on the trial of the case, the only questions submitted to the jury were, as to specific facts, whether the loan agreement was for $8000 or for $16,000, and, if the latter, whether the petitioner was damaged by the failure of the association to advance the full amount of $16,000, and if so in what sum.

In *Americus Grocery Co.* v. *Brackett,* 119 *Ga.* 489 (7) (46 S. E. 657), it was held: "Where a defendant files a special demurrer, and without insisting on a ruling thereon goes to trial on the issue raised by the petition and answer, he thereby waives any rights under the demurrer." The principle of law there ruled is controlling here for the reason that the defendant association by accepting the benefits of the written stipulation as to being due the sum named, and agreeing that the amount of the alleged special damage be determined between it and the petitioner, notwithstanding the naming of other parties as defendants and the contention of the demurrant that such action could not be prosecuted because they had no common interest with it in the litigation, as effectually waived the right to insist on such special grounds of demurrer as to misjoinder and multifariousness as if it had gone to trial without insisting on the same. Accordingly, the plaintiff in error can not now be heard to complain of the overruling by the court of these special grounds, after making the stipulation.

■ The association specially demurred to the allegations that the petitioner had been damaged in the sum of $7500 for labor and material used on the building and additions thereto, in contemplation of the parties to the contract, and also $5000, representing the difference between the market value of the property before the construction work was begun and after it was stopped for lack of funds, the objection being that the allegations do not set forth the proper measure of damages, and that the damages claimed are not recoverable. It is properly contended that as no recovery was sought for nominal damages, or for damages representing the difference between the amount of interest at a lawful rate on any sum borrowed elsewhere and the amount of interest contracted for on a similar amount of principal, the only damage recoverable would be special damage, if any, by reason of the labor and material used in the construction, together with the difference between the market value of the property before and after the attempted improvements and additions were made. In respect to the latter element of damage, it is contended that recovery can not be had, because such damages were not reasonably in the contemplation of the lender; and that, while the petition alleged that the lender knew that the petitioner would not be able to obtain the money elsewhere if it was not advanced on the contract, it was not alleged

that the lender had such knowledge at the time the contract was entered into; and that in legal contemplation, money being always available in the market and procurable at a lawful rate of interest, it is to be presumed that the parties contracted with such an expectation in mind. The exact language of the allegation as to knowledge is, that "plaintiff alleges that defendant knew that neither plaintiff nor Studstill could obtain the money elsewhere, and that defendant knew the money was to be used for improvements and additions to the property," etc. While a special demurrer may serve the purpose of requiring the pleader to amplify or explain allegations so as to enable the defendant to properly prepare a defense, its use should not be extended to a situation where the defendant is, by the allegation demurred to, sufficiently informed as to a particular fact. The allegation here shows that the defendant association knew that the money was to be used for improvements and additions to the property. In other words, the money had not been advanced at the time the defendant became aware of the purpose of the loan. Hence, in the context here, the allegation that the defendant knew that the money (the same money that "was to be used," etc.) could not be obtained elsewhere could reasonably be construed to mean only that the defendant had such knowledge at the time of the contract referred to in the petition. But, as we shall demonstrate, whether or not special damages may be recovered in a case such as here presented, where the money could not in fact be obtained elsewhere, is not dependent upon whether or not the contracting lender knew of such inability, inasmuch as the fact of being able or unable to borrow money elsewhere goes only to the question of diligence in reducing or overcoming the special damage which arises upon the failure of the lender to advance the full amount of the loan. It may safely be asserted that, under the facts alleged, a jury would be authorized to find that, in the unfinished state of the improvements and additions to the property, the petitioner sustained damages at the moment the lender refused to advance the remainder of the loan. The fact of damage at that moment was unaffected by any contingency of being able to borrow money elsewhere. Whether or not the damage remained constant, would depend upon whether or not by ordinary diligence the petitioner would be able to borrow money elsewhere and thus reduce or eliminate the damage.

We do not find any case decided by this court as to the measure of damages where a borrower has sustained special damages by reason of the failure or refusal of the lender to furnish money as agreed for use in improving or reconstructing a building. The general rule as to damages for breach of contract is found in the Code, § 20-1407, which provides that, "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, as the probable result of its breach;" and § 20-1406, which provides that, "Remote or consequential damages are not allowed whenever they can not be traced solely to the breach of the contract, or unless they are capable of exact computation, such as the profits which are the immediate fruits of the contract, and are independent of any collateral enterprise entered into in contemplation of the contract." The rule as to recovery of special damages for a breach of contract is stated in 15 Am. Jur. 466, § 62, as follows: "On breach of a contract to loan money where special circumstances were known to both parties from which it must have been apparent that special damages would be suffered from a failure to fulfill the obligation, such special damages as may appear to have been reasonably contemplated by the parties are recoverable. Thus, special damages may be recovered where the money is to be used for a particular purpose which is known at the time to the party agreeing to make the loan, provided, of course, that such damages are not speculative or remote." See also 25 C. J. S. 585, § 79. In *Anderson* v. *Hilton & Dodge Lumber Co.*, 121 *Ga.* 688 (49 S. E. 725), where, to a proceeding to foreclose a mortgage, the mortgagee defended by a counter-affidavit and sought to recover damages for a breach of contract to lend money for the operation of a sawmill, this court, while holding that the allegations were not sufficient to authorize recovery, stated: "There have been cases in which such suits have been maintained, but they are extremely rare, and, in view of the nature of money, must be. The price of money is the principal and the legal or contract rate of interest. Hence the circumstances must be peculiar in which a person is entitled to damages because of a failure to lend as promised. No injury will flow from such a breach if the same amount can be borrowed from another on the same terms. . . And it must be made to appear that the bor-

rower had been unable to obtain a like sum upon like terms. It would further be necessary to show definitely and distinctly that the damage (other than that arising from having to pay a higher rate of interest) was in contemplation of the intending lender at the time he made the agreement to lend." In the ordinary engagements to borrow money, where the purpose for which the money is to be used is not disclosed to the lender, a recovery of damages would, of course, be limited to the difference between the amount of interest at a lawful rate upon the amount necessary to be procured elsewhere and the amount of interest at the lawful rate contracted for. If the borrower, after the breach, be able to obtain the necessary amount elsewhere, at the same rate of interest as contracted for originally, so as to complete the project, no special damage could be said to have been permanently sustained by reason of the breach. Here, the petitioner was unable to obtain money elsewhere, though he endeavored to do so, in consequence of which the special damages set forth in the petition could not be reduced or eliminated. These special damages are such as might reasonably be found by the jury to have been in the contemplation of the parties at the time the loan was contracted for, because the pleadings show that the agreement was to lend money for the express purpose of adding to and improving the identical property to which the damage is related; and, accordingly, such special damages are recoverable, and the ground of demurrer is without merit.

■ Several special grounds of demurrer were urged to paragraphs of the petition alleging in substance that the failure of the defendant association to advance funds under the contract to complete the improvements and additions to the property rendered the same of no value to the owner, untenantable, and of no rental value, and that by reason of these facts the petitioner is entitled to recover $7500 for labor and materials used in the attempted improvements and additions, and $5000 as the difference between the market value of the property before the work was begun and after it had to be stopped. It is contended that damages of the character sued for are not recoverable. For reasons stated in division 3 of the opinion, the damages claimed are of such character as to be recoverable, and the special demurrers are without merit. Another special ground of demurrer urges that the allegation, that after the failure of the association to advance the funds contracted for it

became impossible to obtain the necessary materials to complete the work because the United States Government had prohibited the sale of the materials, and the property must in consequence remain in its present condition for an indefinite time, is immaterial and irrelevant on the question of damages. Since, even if the materials were available, the petitioner, being unable to borrow the necessary funds, would not be able to purchase them, such allegation is immaterial and irrelevant and should have been stricken on demurrer.

■ The allegations of the petition, that the defendant association had agreed to lend the sum of $16,000 for the purpose of improving and making additions to the property, were specially demurred to as not fully setting out the nature and character of such improvements and additions. The contract entered into by the association was not a contract to build according to plans and specifications, but a contract to lend money for use in improving and making additions to the property known as the Godwin home place in the City of Albany, and it is nowhere alleged that the loan was conditioned upon any plans and specifications which would require the approval of the lender, although it is alleged that, in obtaining the loan for the express purpose of improving and adding to the property, the purpose was explained to the association and was approved by it, and that it retained the proceeds of the loan, which was to be advanced as demanded. It was not, therefore, essential that the nature and character of the improvements and additions be set out in the petition, and the ground of special demurrer is without merit.

■ Special ground 4 of the motion for new trial complains that the court erred in overruling the motion, at the conclusion of all the evidence, to exclude the testimony of the witness, Albert Henderson, on cross-examination, as to a verbal agreement to lend the sum of $16,000 for improving the Godwin home and constructing a four-unit apartment in the front thereof, contending that such testimony contradicted and varied the terms of the written contract on which it relied. It is contended that the movant had the right to elicit such testimony to establish clearly the contentions made in behalf of the petitioner as pleaded in the petition, and then to show that the oral agreement was prior to or contemporaneous with the written contract, which called for an ab-

solute loan of $8000 and a conditional loan of an additional $8000 for constructing a four-unit apartment on lot 56 and the rear of lot 54, in the rear of the Godwin home, and not a verbal modification of the written contract after its execution. On the other hand, the defendant in error contends that, having elicited such testimony responsive to his questions, the movant is bound by it, and that it made an issue which the jury has resolved in favor of the petitioner.

It is true that, under the general rule, an answer which is responsive to a question on cross-examination will not be ruled out at the instance of the party conducting the examination, although it would have been inadmissible if offered by the opposing party. *Anderson* v. *Brown*, 72 *Ga.* 713; *Tift* v. *Jones*, 77 *Ga.* 181 (3) (3 S. E. 399) ; *Mickle* v. *Moore*, 188 *Ga.* 444, 449 (4 S. E. 2d, 217). Where public policy does not absolutely bar or disqualify the testimony, its inadmissibility may be waived, under the Code, § 102-106, which provides that "Laws made for the preservation of public order or good morals can not be done away with or abrogated by any agreement; but a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest." These principles of law, however, have no application under the facts here presented. The witness testified on direct examination, in support of the allegations of the petition, as to an agreement to lend $16,000 for use in improving the Godwin home and erecting a four-unit apartment in the front thereof. On cross-examination counsel for the defendant association elicited from the witness the fact that the verbal agreement testified to was not a modification of the written contract on which it relied, but was prior to or contemporaneous with such written contract. The written documents introduced in evidence showed conclusively that the contract was for an absolute loan of $8000 for improving the Godwin home place and for a conditional loan of another $8000 for constructing a four-unit apartment on lot 56 and the rear of lot 54, in the rear of the Godwin home, provided plans and specifications therefor be submitted to and approved by the association. Under well-settled law, parol testimony can not add to, take from, or vary the terms of a written contract. Code, §§ 38-501, 20-704 (1). "The rule which denies effect to an oral agreement which contradicts a written con-

tract entered into at the same time or later is not one merely of evidence, but is one of positive or substantive law founded upon the substantive rights of the parties." 20 Am. Jur. 963, § 1100. It is settled by numerous decisions of this court that, where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements can not be allowed to add to, take from, or vary the written instrument. *Bullard* v. *Brewer,* 118 *Ga.* 918 (45 S. E. 711); *Pryor* v. *Ludden & Bates,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Case Threshing Machine Co.* v. *Broach,* 137 *Ga.* 602 (73 S. E. 1063); *Citizens Bank* v. *Southern Securities Co.,* 143 *Ga.* 101 (2 a) (84 S. E. 465); *Bond* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954). As stated in *Anthony Shoals Power Co.* v. *Fortson,* 138 *Ga.* 460, 463 (75 S. E. 606): "Having reduced their contract to writing, all prior oral negotiations and agreements pertaining to the same subject-matter are merged into the writing and superseded by the writing. *Weaver* v. *Stoner,* 114 *Ga.* 167 (39 S. E. 874)." Every sane man is charged with knowledge of the law, and when he enters into a written contract with another he can not thereafter be heard to say that verbal agreements prior to or contemporaneous with the instrument he signs represent the rights and liabilities of the parties and override the more deliberate and formal undertaking. It can not be denied that the defendant association was entitled to a thorough and sifting cross-examination of the witness. Neither can it be denied that it was entitled to show that any verbal agreement relied on by the petitioner was prior to or contemporaneous with the written contract on which it relied. But to render impotent and unavailing any verbal agreement, it was incumbent upon the association to clearly identify such agreement, and then to establish that it was prior to or contemporaneous with the written contract upon which it relied. When, upon the introduction of the written contract in evidence, it appeared that its terms were wholly at variance with the verbal agreement testified to by the witness Henderson, it was entirely within the right of the association, at the conclusion of all the evidence, to have the testimony excluded. Accordingly, the court erred in overruling the motion.

■ Special ground 5 of the motion for new trial complains of a portion of the charge of the court as to reconciling any conflict between the documentary evidence and the testimony of a witness or witnesses. Special ground 6 complains of the charge as to special damages sought by the petitioner on the theory that the contract was for a loan of $16,000 for use in improving the Godwin home place. These grounds are controlled by the ruling in division 6 of the opinion, and show reversible error for the reasons stated in the opinion. Special ground 7 of the motion complains of the admission in evidence, of a certain deed, but is not argued or insisted on and will be treated as abandoned. Since the case is being reversed, it is deemed unnecessary to rule on the general grounds of the motion for new trial.

*Judgment reversed. All the Justices concur.*