### SCHULMAN v. OVERSTREET *et al.*

DUCKWORTH, Chief Justice. In *Albany Federal Savings & Loan Asso.* v. *Henderson*, 198 *Ga.* 117 (31 S. E. 2d, 20), the same being a suit in equity where the jury returned a verdict answering specific questions, a motion for new trial was filed April 6, 1943, and a decree during the pendency of the motion was entered April 17, 1943. At page 132, it is said: "The decree in this case was not and could not, under the law, be a final judgment terminating the case in the trial court, since at the very instant it was signed the law to which it was subject conferred upon the parties the indisputable right to have reviewed by a motion for new trial, not only the verdict, but all questions of law embraced in the amendment to the motion. This law caused the case to remain a pending case so long as this right continued to exist. The decree does not purport to deal with, nor could it lawfully have dealt with, adjudicated, or settled a single one of the questions embraced in the amended motion for new trial. It left those questions undecided, and, hence, pending until decided in the manner prescribed by law, to wit, by a judgment granting or denying the amended motion for new trial. Those questions constituted the entire case remaining in the trial court after the decree was entered, and the judgment overruling the motion for new trial was the final judgment in the case, adjudicated those questions, and terminated the case, and, hence, was reviewable by the Supreme Court by a bill of exceptions under Code, § 6-701." On application of the above ruling to the facts here—where the verdict answering specific questions was returned on May 10, 1949, a motion for new trial was filed on May 11, 1949, which was pending until its voluntary dismissal on November 5, 1949, a decree based upon the verdict was entered October 10, 1949, and the exception here is to that decree with error assigned on antecedent rulings on the pleadings—it must be held that the case was still pending and had not terminated in the trial court when this writ of error was approved on October 28, 1949, and filed in the office of the clerk of the trial court on November 1, 1949. This court being without jurisdiction because the case was still pending in the trial court, the writ of error must be

*Dismissed. All the Justices concur.*

No. 16948. FEBRUARY 14, 1950.

*Maurice Steinberg,* for plaintiff in error.
*Q. L. Bryant* and *M. C. Barwick,* contra.